1  Arpita Bhattacharyya (SBN 316454)
   Arpita.Bhattacharyya@finnegan.com
2  **FINNEGAN, HENDERSON, FARABOW,**
      **GARRETT & DUNNER, L.L.P.**
3  Stanford Research Park
4  3300 Hillview Avenue
   Palo Alto, CA  94304-1203
5  Telephone:     (650) 849-6600
   Facsimile:     (650) 849-6666
6

7  Lionel M. Lavenue (*pro hac vice* to be filed)
   lionel.lavenue@finnegan.com
8  **FINNEGAN, HENDERSON, FARABOW,**
      **GARRETT & DUNNER, L.L.P.**
9  Two Freedom Square
   11955 Freedom Drive
10 Reston, VA  20190-5675
   Telephone:     (571) 203-2750
11 Facsimile:     (571) 203-2777

12
   R. Benjamin Cassady (*pro hac vice* to be filed)
13 ben.cassady@finnegan.com
   **FINNEGAN, HENDERSON, FARABOW,**
14    **GARRETT & DUNNER, L.L.P.**
15 901 New York Avenue, N.W.
   Washington, DC  20001-4413
16 Telephone:     (202) 408-6088
   Facsimile:     (202) 408-4400
17

18 Attorneys for Petitioners
   BAYERISCHE MOTOREN WERKE AG and
19 BMW BANK GMBH

20                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
21                        SAN JOSE DIVISION

22 In Re Ex Parte Application of            Misc. Action No.
   BAYERISCHE MOTOREN WERKE AG
23 and BMW BANK GMBH                        **EX PARTE APPLICATION OF**
                                           **BAYERISCHE MOTOREN WERKE AG**
24        Applicants,                       **AND BMW BANK GMBH FOR ORDER**
                                           **PURSUANT TO 28 U.S.C. § 1782(A) TO**
25 for an Order Pursuant to 28 U.S.C. Section **OBTAIN DISCOVERY FOR USE IN**
   1782 Granting Leave to Obtain Discovery  **FOREIGN PROCEEDINGS AND**
26 for Use in Foreign Proceeding.           **SUPPORTING MEMORANDUM OF LAW**
27

28                                         BAYERISCHE MOTOREN WERKE AG AND
                                              BMW BANK GMBH EX PARTE APP. RE
                                           DISCOVERY - Misc. Action No. _____

                              - 1 -

**EX PARTE APPLICATION**

Applicants Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") and BMW Bank GmbH (collectively, "BMW") submit this Ex Parte Application for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a). This application is brought on an *ex parte* basis pursuant to Civil L.R. 7-10. This Court has expressly authorized, and routinely accepts, *ex parte* applications for 28 U.S.C. § 1782 discovery. *See, e.g., Matter of Action & Prot. Found.*, No. 14-CV-80076 MISC EMC (LB), 2015 WL 1906984, at *6 (N.D. Cal. Apr. 27, 2015) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782."); *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file *ex parte* [Section 1782] applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotations omitted).[1]

BMW's antagonists in these foreign proceedings—Broadcom Corp. and Avago Techs. Int'l Sales Pte. Ltd. (Singapore)—have been availing themselves of § 1782 discovery throughout the country seeking information to use against BMW and other entities in related proceedings. For instance, this Court recently accepted an application from Broadcom Corp. and Avago Techs. Int'l Sales Pte. Ltd. (Singapore) to obtain discovery from a local entity to use in German proceedings. *See In re Ex Parte Application of Broadcom Corp. and Avago Tech.*, No. 5:19-mc-80133, Dkt. 6, (N.D. Cal. Jun. 27, 2019). Broadcom Corp. and Avago Techs. Int'l Sales Pte. Ltd. (Singapore) also successfully sought discovery against three Nintendo entities and two Harman entities for use in German proceedings from the Western District of Washington and the Eastern District of Michigan. *See In re: Petition for subpoena of Nintendo of North America*, No. 2:19-cv-966, Dkt. 27, (W.D. Wash. Oct. 8, 2019) (granting application to seek discovery from Nintendo of America Inc.,

---

[1] *See also In re Ambercroft Trading Ltd.*, No. 18-MC-80074-KAW, 2018 WL 2867744, at *3 (N.D. Cal. June 11, 2018); *In re Roebers*, No. Cl2-80145 MISC RS (LB), 2012 WL 2862122, at *2 (N .D. Cal. July 11, 2012); *In re Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012); *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010).

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

1    Nintendo Technology Development Inc., and Nintendo Software Technology Corporation);

2    *Broadcom Corporation et al*, No. 2:19-mc-51481, Dkt. 4, (E.D. Mich. Oct. 16, 2019) (granting

3    application to seek discovery from Harman Becker Automotive Systems, Inc. and Harman

4    International Industries, Inc.). These cases are summarized in the following table:

| Case Number | Filed Against | Filed By | District |
|---|---|---|---|
| 5:19-mc-80133 | Nvidia Corporation | Broadcom Corporation Avago Technologies International Sales Pte. Ltd. | Northern District of California |
| 2:19-mc-60 then 2:19-cv-966 | Nintendo of America Inc. Nintendo Technology Development Inc. Nintendo Software Technology Corporation | Broadcom Corporation Avago Technologies International Sales Pte. Ltd. | Western District of Washington |
| 2:19-mc-51481 | Harman Becker Automotive Systems, Inc. Harman International Industries, Inc. | Broadcom Corporation Avago Technologies International Sales Pte. Ltd. | Eastern District of Michigan |

14    BMW now seeks discovery through the same procedure from Broadcom Corp., Broadcom Inc.,

15    Broadcom Technologies Inc., Avago Techs, and Avago Technologies Ltd.

16            This application is supported by the memorandum of points and authorities below and the

17    Declaration of Prof. Dr. Tilman Müller-Stoy filed concurrently herewith ("Müller-Stoy Decl."). The

18    proposed order, document and deposition subpoenas proposed to be served on Broadcom and

19    Avago, and proposed protective order are attached to this application as Exhibits A, B, C, and D,

20    respectively.

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................ 1

II.     FACTUAL BACKGROUND ...................................................................................... 4

        A.      The Parties and the German Proceedings ...................................................... 4

        B.      BMW's Proposed Discovery ......................................................................... 5

III.    LEGAL ARGUMENT ................................................................................................ 9

        A.      BMW's Application Satisfies Section 1782's Statutory Requirements ......... 9

        B.      The *Intel* Discretionary Factors Weigh in Favor of Granting BMW's
                Application ................................................................................................ 11

                1.      BMW Seeks Discovery Primarily from Entities Related to Those in the
                        German Proceedings, But Not Parties Themselves, And Even So
                        BMW Cannot Obtain the Information it Needs Through German
                        Discovery ...................................................................................... 11

                2.      German Courts are Receptive to Information Obtained Through United
                        States Discovery ............................................................................ 13

                3.      BMW is not Attempting to Circumvent German Proof-Gathering
                        Restrictions or Policies .................................................................. 15

                4.      The Scope of Information BMW Seeks is Commensurate with the
                        Information's Relevance to the German Proceedings and Will not
                        Unduly Burden Broadcom and Avago ........................................... 16

IV.     CONCLUSION ......................................................................................................... 18

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

5
*In re Ambercroft Trading Ltd.,*
  No. 18-MC-80074-KA W, 2018 WL 2867744 (N.D. Cal. June 11, 2018) .....................................2

6
*In re Apple Inc.,*
  No. MISC 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) ............................2, 10, 14

7

8
*In re Ex Parte Application of Broadcom Corp. and Avago Tech.,*
  No. 5:19-mc-80133, Dkt. 6 (N.D. Cal. Jun. 27, 2019) ..............................................*passim*

9

10
*Avago Techs. Int'l Sales Pte. Ltd. (Singapore) v. Bayerische Motoren Werke*
  *Aktiengesellschaft and BMW Bank GmbH,*
  No. 327 O 272/19 ...............................................................................................5

11

12
*Avago Techs. Int'l Sales Pte. Ltd. (Singapore) v. Bayerische Motoren Werke*
  *Aktiengesellschaft and BMW Bank GmbH,*
  No. 7 O 83/19 ....................................................................................................4

13

14
*Broadcom Corp. v. Bayerische Motoren Werke Aktiengesellschaft and BMW Bank*
  *GmbH,*
  No. 7 O 14/19 ....................................................................................................4

15

16
*Broadcom Corporation et al,*
  No. 2:19-mc-51481, Dkt. 4, (E.D. Mich. Oct. 16, 2019)..........................................*passim*

17

18
*Cryolife, Inc. v. Tenaxis Med., Inc.,*
  No. 08-05124, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009)..........................10, 12, 13, 14

19

20
*In re Esses,*
  101 F.3d 873 (2d Cir. 1996) .............................................................................15

21

22
*In re Eurasian Nat'l Res. Corp., LTD.,*
  No. 18-MC-80041-LB, 2018 WL 1557167 (N.D. Cal. Mar. 30, 2018) .........................16

23
*In re Google Inc.,*
  No. 14-MC-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) ...............15, 16

24

25
*Heraeus Kulzer, GmbH v. Biomet, Inc.,*
  633 F.3d 591 (7th Cir. 2011) .....................................................................12, 14

26
*In re: Petition for subpoena of Nintendo of North America,*
  No. 2:19-cv-966...........................................................................................*passim*

27

28

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

*In re: Petition for subpoena of Nintendo of North America,*
    No. 2:19-cv-966, Dkt. 27, (W.D. Wash. Oct. 8, 2019)........................................................2

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004)................................................................................................*passim*

*IPCom GmbH & Co. KG v. Apple Inc.,*
    61 F. Supp. 3d 919 (N.D. Cal. 2014) ................................................................................2

*In re LG Elect. Deutschland GmbH,*
    No. 12-CV-1197-LAB (MDD), 2012 WL 1836283 (S.D. Cal. May 21, 2012) ...............9

*Matter of Lufthansa Technik AG,*
    2019 WL 331839 (W.D. Wash. Jan. 25, 2019) .......................................................10, 11

*Matter of Action & Prot. Found.,*
    No. 14-CV-80076 MISC EMC (LB), 2015 WL 1906984 (N.D. Cal. Apr. 27,
    2015) ..................................................................................................................................2

*In re Minatec Fin. S.A.R.L.,*
    2008 WL 3884374 ...........................................................................................................14

*In re Ontario Principals' Council,*
    No. 5: 13-MC-80237-LHK-PSG, 2013 WL 6073517 (N.D. Cal. Nov. 8, 2013) ...........14

*In re Republic of Ecuador,*
    No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427 (N.D. Cal. Sept. 15,
    2010) ........................................................................................................................2, 9, 15

*In re Roebers,*
    No. Cl2-80145 MISC RS (LB), 2012 WL 2862122 (N .D. Cal. July 11, 2012); ............2

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP,*
    376 F.3d 79 (2d Cir. 2004) ...............................................................................................9

*Siemens AG v. Western Digital Corp.,*
    No. 8:13-CV-01407-CAS, 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) .......................12

*In re Varian Med. Sys. Int'l AG,*
    No. 16-MC-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016)...................10, 14

*Via Vadis Controlling GmbH v. Skype, Inc.,*
    No. 12-MC-193-RGA, 2013 WL 646236 (D. Del. Feb. 21, 2013) .................................13

**Statutes**

28 U.S.C. § 1782.....................................................................................................*passim*

28 U.S.C. § 1782(a) ...............................................................................................*passim*

- iii -

1

**Rules**

2

Civil L.R. 7-10.................................................................................................................2

3

Rule 45........................................................................................................................18

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

## I.   INTRODUCTION

Applicants BMW submit this Ex Parte Application for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a). BMW seeks an order to authorize subpoenas requiring Broadcom Corp., Broadcom Inc., and Broadcom Technologies Inc. (collectively, "Broadcom") and Avago Technologies Ltd and Avago Tech (collectively, "Avago"), residents of San Jose, California, to provide specific documents and make themselves available for a deposition for use in connection with three patent infringement actions, one pending nullity action, and two possible future nullity actions in Germany.

In Germany, Broadcom Corp. and Avago Techs. Int'l Sales Pte. Ltd. (Singapore) filed three separate lawsuits against BMW for patent infringement of European Patent Nos. EP 1,177,531 ("EP '531"); EP 1,316,181 ( "EP '181"); and EP 1,931,052 ( "EP '052") (collectively "the Asserted Patents").[2] Broadcom Corp. and Avago Techs. Int'l Sales Pte. Ltd. (Singapore) also asserted these patents against independent dealers of BMW automobiles in Germany. The complaints accuse: (1) BMW's infotainment systems with navigation system and display that include Texas Instruments DRA746 or Texas Instruments OMAP5432 (EP '531); (2) BMW's head units that include the MICREL chip KSZ8864RMNU (EP '181); and (3) BMW's head units that include the Marvel Avastar 88W8787 chip (EP '052). Broadcom Corp. and Avago Techs. Int'l Sales Pte. Ltd. (Singapore) recently sought and obtained discovery from various Nvidia, Nintendo, and Harman entities throughout the United States, including in this Court, in relation to other cases they filed in Germany. *See In re Ex Parte Application of Broadcom Corp. and Avago Tech.*, No. 5:19-mc-80133; *In re: Petition for subpoena of Nintendo of North America*, No. 2:19-cv-966; *Broadcom Corporation et al*, No. 2:19-mc-51481.

---

[2] Copies of the German complaints and English-Language translations are attached to the Declaration of Lionel M. Lavenue (Lavenue Decl.) as Appendices 1–6.

(continued...)

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

In response to the complaints against BMW, BMW has filed a nullity action in Germany challenging EP '531.[3] Nullity complaints for EP '052 and EP '181 are intended to be filed later this year, and the discovery BMW seeks in this Application is relevant for nullity actions challenging these patents. Relevant case numbers, information, and deadlines for each of these German proceedings are presented in the table attached to this Application as Exhibit E.

BMW comes to the United States seeking targeted and routinely granted discovery to help it defend itself in the German proceedings—discovery that is commensurate in scope to that which Broadcom and Avago sought and were granted from other entities in related cases. For example, BMW seeks documents and information about:

1) Broadcom's and Avago's previous agreements involving the Asserted Patents, which are relevant at least to BMW's accounting and damages, non-infringement, exhaustion, and abuse of dominant market position arguments;

2) standard-essentiality information related to the Asserted Patents, especially with respect to the OpenGL ES Standard and the IEEE 802.3 Standard and communications with the Khronos Group and IEEE Ethernet Working Group standard-setting bodies, which is relevant to at least BMW's damages, invalidity/nullity, exhaustion, and noninfringement arguments;

3) information about Broadcom's and Avago's procurement of the Asserted Patents and standing to assert them, which is relevant to at least BMW's noninfringement and procedural defenses;

4) Broadcom's and Avago's conception, reduction to practice, and use of technology embodying the Asserted Patents, especially with respect to the BCM5411, BCM5201, and BCM5202 chips, which are relevant to at least BMW's invalidity/nullity arguments;

---

[3] Germany has a "bifurcated" patent litigation system in which separate courts handle patent infringement and patent invalidity issues. German Regional Courts hear patent infringement cases while the German Federal Patent Court hears nullity actions. In nullity actions, the plaintiff is a patent challenger seeking to invalidate the patent. Müller-Stoy Decl. ¶ 8.

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

5)   technical documentation and analysis regarding the allegedly infringing products, which are relevant to BMW's noninfringement arguments; and

6)   Broadcom CEO Hock Tan's preparation information for his meetings with BMW's senior vice president Dr. Christoph Grote, which is relevant to at least BMW's abuse of dominant market position arguments.

Accordingly, this information is critical to BMW's defenses against a charge of patent infringement, yet it is unavailable in Germany because Germany does not allow U.S.-like discovery in its civil cases and German courts cannot compel highly relevant documents and information.  Müller-Stoy Decl. ¶¶ 25–26.

Moreover, and importantly, Broadcom Corp. and Avago Techs. Int'l Sales Pte. Ltd. (Singapore) recently filed three applications (the "Broadcom Applications") for discovery under § 1782—which the courts, including this Court, granted—related to German proceedings involving the same Asserted Patents as here (but other defendants). *See In re Ex Parte Application of Broadcom Corp. and Avago Tech.*, No. 5:19-mc-80133, Dkt. 6, (N.D. Cal. Jun. 27, 2019); *In re: Petition for subpoena of Nintendo of North America*, No. 2:19-cv-966, Dkt. 27, (W.D. Wash. Oct. 8, 2019); *Broadcom Corporation et al*, No. 2:19-mc-51481, Dkt. 4, (E.D. Mich. Oct. 16, 2019). A comparison of the Broadcom Applications to BMW's Application is presented in the following table:

| Case Number (District) | Filed By | Filed Against |
|---|---|---|
| 5:19-mc-80133 (N.D. Cal.) | Broadcom Corporation<br>Avago Technologies International Sales Pte. Ltd. | Nvidia Corporation |
| 2:19-mc-60 then 2:19-cv-966 (W.D. Wash.) | Broadcom Corporation<br>Avago Technologies International Sales Pte. Ltd. | Nintendo of America Inc.<br>Nintendo Technology Development Inc.<br>Nintendo Software Technology Corporation |
| 2:19-mc-51481 (E.D. Mich.) | Broadcom Corporation<br>Avago Technologies International Sales Pte. Ltd. | Harman Becker Automotive Systems, Inc.<br>Harman International Industries, Inc. |

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

| Case (District) | Filed By | Filed Against |
|---|---|---|
| BMW's Application (N.D. Cal.) | BMW AG<br>BMW Bank GmbH | Broadcom Corp.<br>Broadcom Inc.<br>Broadcom Technologies Inc.<br>Avago Tech<br>Avago Technologies Ltd |

For the reasons discussed below, BMW satisfies the statutory requirements of § 1782(a). And the factors that influence a court's discretion to allow such discovery weigh in favor of granting BMW's Application. Accordingly, the Court should grant BMW's Application under § 1782(a).

## II.   FACTUAL BACKGROUND

### A.   The Parties and the German Proceedings

BMW AG is a world-renowned innovator and manufacturer of premium automobiles and motorcycles. It designs and manufactures motor vehicles, parts, and accessories for sale worldwide. Müller-Stoy Decl. ¶ 6. BMW AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany, and BMW Bank GmbH is a wholly owned subsidiary of BMW AG. *Id.*

Broadcom, headquartered in San Jose, California, is a global semiconductor producer. Its principal place of business is located at 1320 Ridder Park Drive, San Jose, California 95131, USA. *Id.* ¶ 7. Avago is a company within the same corporate family as Broadcom. *Id.* Broadcom and Avago (through a corporate family relationship) and have brought the three patent infringement actions against BMW in Germany:

- *Broadcom Corp. v. Bayerische Motoren Werke Aktiengesellschaft and BMW Bank GmbH*, No. 7 O 14/19 (filed on February 12, 2019) alleging infringement of European Patent No. EP 1,177,531.

- Avago Techs. Int'l Sales Pte. Ltd. (Singapore) v. Bayerische Motoren Werke Aktiengesellschaft and BMW Bank GmbH, No. 7 O 83/19 (filed on July 19, 2019) alleging infringement of European Patent No. EP 1,316,181.

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

- Avago Techs. Int'l Sales Pte. Ltd. (Singapore) v. Bayerische Motoren Werke Aktiengesellschaft and BMW Bank GmbH, No. 327 O 272/19 (filed on August 2, 2019) alleging infringement of European Patent No. EP 1,931,052.

In response to these German actions, BMW AG brought a nullity action in the German Federal Patent Court seeking to invalidate the German part of EP '531.[4] BMW plans to bring additional nullity actions against Avago Technologies International Sales Pte. Ltd. in the German Federal Patent Court, seeking to invalidate the German parts of EP '181 and EP '052. These actions are referred to collectively herein as the "German Proceedings."

The infringement actions of the German Proceedings accuse BMW vehicles including certain head units of patent infringement. Head units are the audiovisual centerpiece of an automobile's sound and information system. Müller-Stoy Decl. ¶ 12. The accused BMW head units contain, *inter alia*, the Texas Instruments/Imagination Technologies' PowerVR SGX544 Graphical Processing Unit (GPU) and Microchip's Ethernet Switch KSZ8864RMNU. *Id.* ¶ 13. These chips implement the OpenGL ES Standard and the IEEE 802.3 Standard respectively. *Id.* ¶¶ 20, 22. Upon information and belief, Broadcom is a member of the Khronos Group, which sets the OpenGL ES Standard, and all Khronos Group members agree to license their standard essential patents to other group members. *Id.* ¶ 20. Upon information and belief, Texas Instruments is also a member of the Khronos Group. *Id.* Similarly, EP '181 allegedly reads on one aspect of the IEEE 802.3 Standard, and, upon information and belief, Broadcom is a member of the IEEE 802.3 Working Group. *Id.* ¶ 22.

### B.    BMW's Proposed Discovery

BMW seeks specific information from Broadcom and Avago which is highly relevant to BMW's noninfringement, invalidity/nullity, damages, and procedural defenses. However, the German Proceedings do not provide discovery processes, *Id.* ¶¶ 25–26, such as those available in American courts, that would allow BMW to obtain this important information from Broadcom and

---

[4] In the European patent system, patent applicants seek a single European Patent at the European Patent Office. Once granted, this patent splits into parts by country. Müller-Stoy Decl. ¶ 8.

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

1   Avago. So BMW seeks targeted discovery here. In particular, the targeted subpoenas BMW seeks

2   leave to serve on Broadcom and Avago are attached to this application as Exhibits B and C for

3   documents and deposition testimony. The information sought is summarized below:

    1)    Broadcom's and Avago's previous agreements involving the Asserted Patents or Standard Essential Patents (SEPs), which are relevant at least to BMW's accounting and damages, noninfringement, exhaustion, and abuse of dominant market position arguments (*see, e.g.*, BMW's document request nos. 1–2, 5–6, 21; BMW's deposition topics 3, 9, 11, 20);

    2)    standard-essentiality information related to the Asserted Patents, especially with respect to the OpenGL ES Standard and the IEEE 802.3 Standard and communications with the Khronos Group and IEEE Ethernet Working Group standard-setting bodies, which is relevant to at least BMW's invalidity/nullity, exhaustion, and noninfringement arguments (*see, e.g.*, BMW's document request nos. 4–7; BMW's deposition topics 10–12);

    3)    information about Broadcom's and Avago's procurement of the Asserted Patents and standing to assert them, which is relevant to at least BMW's noninfringement and procedural defenses (*see, e.g.*, BMW's document request no. 9; BMW's deposition topic 3);

    4)    Broadcom's and Avago's conception, reduction to practice, and use of technology embodying the Asserted Patents, especially with respect to the BCM5411, BCM5201, and BCM5202 chips, which are relevant to at least BMW's invalidity/nullity arguments (*see, e.g.*, BMW's document request nos. 7, 18; BMW's deposition topics 12, 14);

    5)    technical documentation and analysis regarding the allegedly infringing products, which are relevant to BMW's noninfringement arguments (*see, e.g.*, BMW's document request nos. 10–13; BMW's deposition topics 8, 15, 19); and

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

6)     Broadcom CEO Hock Tan's preparation information for his meetings with BMW's senior vice president Dr. Christoph Grote, which is relevant to at least BMW's abuse of dominant market position arguments (*see, e.g.*, BMW's document request no. 14; BMW's deposition topic 16).

This information has not been produced in the German Proceedings, yet it is critical for BMW's arguments and defenses. Müller-Stoy Decl. ¶¶24–26.

For example, the settlement and license agreements will enable BMW to more fairly calculate a reasonable royalty rate for a license of the Asserted Patents. *Id.* ¶ 24. Continuing through the German Proceedings without this information would be unfair to BMW.

Similarly, BMW cannot recommend a reasonable royalty rate to the German court without understanding any standard-essentiality analysis performed on the Asserted Patents. A patent is standard-essential if its use is necessary for the operation of a combined standard—like the 4G LTE mobile communications standard. *Id.* ¶ 11. When standards setting organizations agree upon the technology that fits into these standards, the organizations ordinarily require contributors to the standards to agree to license their patents under fair, reasonable, and non-discriminatory (FRAND) terms. *Id.* This is necessary because a single patent owner may "hold up" the practicing of a standard by demanding the full economic value of the standard (the value that the standard adds to the industry) as a royalty on a single patent, instead of accepting the economic value of the patent (the value that the single patent adds to the standard). *Id.* Moreover, Broadcom's and Avago's reasons for believing the Asserted Patents are standard-essential is also relevant to the scope of the asserted claims, and thus to BMW's invalidity/nullity and noninfringement arguments. Accordingly, an understanding of how the Asserted Patents interact with the OpenGL ES Standard and the IEEE 802.3 Standard is highly relevant to damages and BMW's substantive patent arguments. Relatedly, BMW needs information related to Broadcom's and Avago's SEP licensing to determine the FRAND terms Broadcom and Avago have applied in its SEP licensing practice and how these FRAND terms impact pricing. BMW cannot present a reasonable royalty to the German court without access to these license agreements.

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

1    Additionally, the assignment histories of the Asserted Patents are relevant to Avago Techs.

2    Int'l Sales Pte. Ltd. (Singapore)'s standing to sue BMW. Under German law, only the patent

3    proprietor registered in the patent register is generally authorized to initiate legal proceedings. *Id.*

4    ¶ 9. When a patent has been transferred and the new proprietor of the patent asserts, in its own name,

5    claims for damages, claims for information and accounting, claims for recall, or claims for

6    destruction covering a period before the new patent proprietor was registered in the patent register,

7    the new patent proprietor must prove that these claims have been assigned to the new patent

8    proprietor. *Id.* The necessary proof includes proving that those who executed any assignments had

9    the signatory authority to do so. *Id.* If the assignment of patent rights was part of a foreign

10   transaction, the German court must also determine that the assignment complied with the relevant

11   foreign law. *Id.*

12    In fact, BMW is aware of standing issues in Avago Techs. Int'l Sales Pte. Ltd. (Singapore)'s

13   suit with Netflix (No. 7 O 58/18 and No. 7 O 59/18). *Id.* ¶ 10. According to statements made by

14   Avago Techs. Int'l Sales Pte. Ltd. (Singapore) in the German infringement actions brought against

15   BMW, the two patents asserted in these suits and all rights to these patents, including the right to

16   claim damages from third-parties for past, present, and future infringement of these patents, were

17   assigned by Broadcom to Avago Technologies General IP (Singapore) Pte. Ltd. *Id.* Later, Avago

18   Technologies General IP (Singapore) Pte. Ltd. was merged with Avago Techs. Int'l Sales Pte. Ltd.

19   (Singapore). *Id.* Therefore, the assignment information related to the Asserted Patents is highly

20   relevant to BMW's defenses, especially with respect to the signatory authority of the individuals

21   who executed the assignments. *Id.*

22    Also, Broadcom's CEO, Hock Tan, and BMW's senior vice president, Dr. Christoph Grote,

23   had ongoing communications with respect to potential abuse of Broadcom's dominant market

24   position through the assertion of the Asserted Patents. *Id.* ¶ 24. Mr. Tan's intentions and preparations

25   in scheduling a meeting with Dr. Grote regarding the patents are relevant to BMW's abuse of a

26   dominant market position argument.

27

28                                                        BAYERISCHE MOTOREN WERKE AG AND
                                    - 8 -                  BMW BANK GMBH EX PARTE APP. RE
                                                          DISCOVERY - Misc. Action No. _____

1    Moreover, information related to the patent owner's products that allegedly embody the

2    patented invention is essential for the presentation of invalidity and noninfringement arguments. For

3    example, on information and belief, the BCM5411 chip is a Broadcom chip that embodies EP '181.

4    *Id.* ¶ 22. Technical and marketing information regarding the BCM5411 chip, or any other Broadcom

5    or Avago prior art products, is highly relevant for BMW's invalidity arguments, and Broadcom's or

6    Avago's belief that any of its products practice the Asserted Patents (or relevant standards) is highly

7    relevant to claim scope and, thus, noninfringement defenses.

8    For at least these reasons, the information BMW seeks is highly relevant to the German

9    Proceedings.

10   **III.   LEGAL ARGUMENT**

11   **A.    BMW's Application Satisfies Section 1782's Statutory Requirements**

12   Section 1782 was designed to assist litigants in gathering evidence for use in foreign

13   tribunals. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782

14   aims to "provid[e] efficient means of assistance to participants in international litigation in our

15   federal courts and encourag[e] foreign countries by example to provide similar means of assistance

16   to our courts." *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427,

17   at *1 (N.D. Cal. Sept. 15, 2010) (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d

18   79, 84 (2d Cir. 2004)). In fact, United States courts are encouraged to grant Section 1782

19   applications because "our courts favor broad discovery generally." *In re LG Elect. Deutschland*

20   *GmbH*, No. 12-CV-1197-LAB (MDD), 2012 WL 1836283, at *3 (S.D. Cal. May 21, 2012). Section

21   1782 provides, in pertinent part:

22   > The district court of the district in which a person resides or is found
     > may order him to give his testimony or statement or to produce a
23   > document or other thing for use in a proceeding in a foreign or
     > international tribunal . . . . The order may be made . . . upon the
24   > application of any interested person and may direct that the testimony
     > or statement be given, or the document or other thing be produced,
25   > before a person appointed by the court.

26

27   28 U.S.C. § 1782(a).

28
     BAYERISCHE MOTOREN WERKE AG AND<br>BMW BANK GMBH EX PARTE APP. RE<br>DISCOVERY - Misc. Action No. _____

- 9 -

Based on the language of § 1782, courts may grant an application when the following statutory requirements are satisfied: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *In re Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012). BMW's request for discovery meets each of these statutory requirements.

First, BMW seeks discovery from Northern District of California residents. Broadcom Corporation and Broadcom Inc. are headquartered at 1320 Ridder Park Drive, San Jose, California; Broadcom Technologies Inc. is headquartered at 1230 Ridder Park Drive, San Jose, California; and Avago Tech resides at 6691 Crow Canyon Road, Castro Valley, California. Lavenue Decl., Appx. 7 at 1, Appx. 8 at 2, Appx. 12 at 1. On information and belief—including admissions of Avago Technologies Ltd—Avago Technologies Ltd is a Singapore entity with a principle place of business at 1320 Ridder Park Drive, San Jose, California. *See id.*, Appx. 9 at ¶ 9 (Amended Complaint alleging Singapore-based Avago Technologies Ltd has a California place of business); Appx. 10 at ¶ 9 (Answer admitting Singapore-based Avago Technologies Ltd has a California place of business). Indeed, Avago Technologies Ltd has stated on its SEC filings that its "headquarters for [its] U.S. subsidiaries is located in San Jose, California" and that it owns property in San Jose, California. *Id.*, Appx. 11 at 3.

Thus, Broadcom and Avago are found in the Northern District of California for Section 1782 purposes. *See, e.g.*, *Cryolife*, 2009 WL 88348, *2 (finding "resides or is found" requirement satisfied where the target of discovery had its principle place of business in the district in which the action is brought); *Matter of Lufthansa Technik AG*, 2019 WL 331839, at *1 (W.D. Wash. Jan. 25, 2019) (holding that target of discovery "resides in this district or can be found in this district" where it had a "main office" in Kirkland, Washington).

Second, the discovery BMW seeks is "for use in a proceeding before a foreign tribunal." This Court considers German courts "tribunals" under § 1782. *See In re Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). Accordingly, this Court,

BAYERISCHE MOTOREN WERKE AG AND BMW BANK GMBH EX PARTE APP. RE DISCOVERY - Misc. Action No. _____

the Western District of Washington, and the Eastern District of Michigan allowed Broadcom Corp. and Avago Techs. Int'l Sales Pte. Ltd. (Singapore) discovery under § 1782 for use in German proceedings. *In re Ex Parte Application of Broadcom Corp. and Avago Tech.*, No. 5:19-mc-80133, Dkt. 6, (N.D. Cal. Jun. 27, 2019); *In re: Petition for subpoena of Nintendo of North America*, No. 2:19-cv-966, Dkt. 27, (W.D. Wash. Oct. 8, 2019); *Broadcom Corporation et al*, No. 2:19-mc-51481, Dkt. 4, (E.D. Mich. Oct. 16, 2019).

Third, BMW is the defendant in the German infringement actions and BMW AG is the plaintiff in the German nullity actions, so it is an "interested person." *See Intel*, 542 U.S. at 256 (2004) ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782.").

BMW's Application therefore satisfies the statutory requirements for a § 1782 application.

**B.     The *Intel* Discretionary Factors Weigh in Favor of Granting BMW's Application**

In *Intel*, the Supreme Court provided a non-exhaustive list of factors that district courts can consider when deciding whether to grant Section 1782 applications: (1) Whether "the person from whom discovery is sought is a participant in the foreign proceeding" because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "[T]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "[W]hether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) Whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

**1.     BMW Seeks Discovery Primarily from Entities Related to Those in the German Proceedings, But Not Parties Themselves, And Even So BMW Cannot Obtain the Information it Needs Through German Discovery**

The first *Intel* factor favors applications seeking discovery from non-parties to the foreign tribunal. *See id.* at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

1    unobtainable absent § 1782 aid."). In *Intel*, the Supreme Court expressed its concern that a party to a

2    foreign litigation would use Section 1782 to obtain evidence that it could have obtained through

3    foreign procedure in the foreign tribunal. *Id.* Courts, however, find the first *Intel* factor to be neutral

4    with respect to German proceedings because German courts do not allow the extent of early

5    discovery allowed in the United States. *See, e.g.*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d

6    591, 597 (7th Cir. 2011) (authorizing Section 1782 discovery because German litigant could not

7    "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife, Inc. v.*

8    *Tenaxis Med., Inc.*, No. 08-05124, 2009 WL 88348, at *2–3 (N.D. Cal. Jan. 13, 2009) (finding the

9    first *Intel* factor neutral with respect to litigation in German courts); *Siemens AG v. Western Digital*

10   *Corp.*, No. 8:13-CV-01407-CAS (AJWx), 2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013)

11   (same).

12           With respect to the Broadcom Applications, the Western District of Washington found the

13   United States-based Nintendo entities were not parties to the German proceedings despite being

14   within the same corporate family as the defendants in the German actions. *In re: Petition for*

15   *subpoena of Nintendo of North America*, No. 2:19-cv-966, Dkt. 27, (W.D. Wash. Oct. 8, 2019).

16           BMW seeks discovery from five entities, four of which are not parties to the German

17   Proceedings. Of the parties from whom BMW seeks discovery, only Broadcom Corporation is a

18   party to the German Proceedings—specifically, to German Case No. 7 O 14/19. Broadcom Inc. is

19   Broadcom Corporation's parent company, but it is not a party to the German Proceedings, and

20   Broadcom Technologies Inc. is Avago Technologies International Sales Pte. Limited (Singapore)'s

21   parent company, but it is not a party to the German Proceedings. Likewise, none of the Avago

22   entities from whom BMW seeks discovery here are parties to the German Proceedings—only a

23   foreign entity, Avago Technologies International Sales Pte. Limited (Singapore), is a party (to

24   German Case Nos. 7 O 83/19 and 327 O 272/19). Therefore, because most of the entities from whom

25   BMW seeks discovery are non-parties to the German Proceedings, this factor favors discovery.

26           But even if the entities from whom BMW seeks discovery are effectively considered parties

27   to the German Proceedings based on their corporate relationship to the plaintiffs in those

28                                                    - 12 -

1    proceedings, this factor is at least neutral. That is because German courts do not allow early

2    discovery into, for example: (1) the extent Broadcom and Avago may have disclosed prior art or

3    characterized the scope of the claimed inventions in, for example, meetings of the Khronos Group

4    regarding the OpenGL ES Standard, meetings of the IEEE Ethernet Working Group regarding the

5    IEEE 802.3 Standard, BCM5411, BCM5201, and BCM5202 documentation, attempts to license the

6    patents; (2) how Broadcom and Avago procured the asserted patents and whether they have standing

7    sue; or (3) licensing or settlement agreements regarding the asserted patents. Müller-Stoy Decl. ¶ 26;

8    *see also Matter of Lufthansa Technik AG*, 2019 WL 331839 at *2 ("... although Intervener is a

9    participant in the pending proceedings [in Germany and elsewhere], the lack of effective discovery

10    mechanisms available to Petitioner in those countries weighs in favor of allowing Petitioner to obtain

11    the discovery material via § 1782"). Therefore, this factor is at least neutral. *See, e.g.*, *Cryolife*, 2009

12    WL 88348, at *2–3 (finding that the first *Intel* factor is neutral with respect to litigation in German

13    courts).

14         Importantly, the courts found this factor neutral in the Broadcom Applications. *In re Ex*

15    *Parte Application of Broadcom Corp. and Avago Tech.*, No. 5:19-mc-80133, Dkt. 6, (N.D. Cal.

16    Jun. 27, 2019); *In re: Petition for subpoena of Nintendo of North America*, No. 2:19-cv-966, Dkt. 27,

17    (W.D. Wash. Oct. 8, 2019); *Broadcom Corporation et al*, No. 2:19-mc-51481, Dkt. 4, (E.D. Mich.

18    Oct. 16, 2019).

19         **2.**      **German Courts are Receptive to Information Obtained Through United**

20                **States Discovery**

21         A decision to grant a 1782 application should "take into account the nature of the foreign

22    tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

23    government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S.

24    at 264. The question for the second *Intel* factor is not whether the petitioner could obtain discovery

25    in the foreign tribunal, but whether the German court would reject the information the petitioner

26    seeks. *See id.* at 260 ("Beyond shielding material safeguarded by an applicable privilege, however,

27    nothing in the text of § 1782 limits a district court's production-order authority to materials that

28

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

could be discovered in the foreign jurisdiction if the materials were located there."). In the absence

of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section

1782, this factor weighs in favor of granting a Section 1782 petition. *See Cryolife*, 2009 WL 88348,

at *3; *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-MC-193-RGA, 2013 WL 646236, at *2

(D. Del. Feb. 21, 2013) (finding applicant's filing § 1782 application after foreign court's failure to

force respondent to produce requested discovery "in essence circumvent[s] the foreign courts'

rules").

      Importantly, the Northern District has explained that, absent "authoritative proof that a

foreign tribunal would reject evidence obtained with the aid of Section 1782, courts tend to err on

the side of permitting discovery." *In re Varian Med. Sys.*, 2016 WL 1161568 at *4 (internal

quotations and citations omitted) (concluding that this fact weighed in favor of discovery because

there was "no evidence or case law suggesting that the Mannheim District Court would be

unreceptive to the discovery Varian seeks"); *see also In re Apple Inc.*, 2012 WL 1570043, at *2.

Many other cases also recognize the receptiveness of German courts to the use of discovery obtained

through Section 1782. *See, e.g., Heraeus Kulzer*, 633 F.3d at 596 ("And there is no indication that

the German court . . . would refuse to admit evidence that Heraeus obtained through U.S. discovery

and could not have obtained by utilizing the procedures of German law for evidence gathering.");

*Cryolife*, 2009 WL 88348, at *3 (concluding that the second *Intel* factor weighed in favor of

discovery where there was "no basis to conclude that the German court would be unreceptive to the

information requested by [the applicant]."); *In re Minatec Fin. S.A.R.L.*, 2008 WL 3884374, at *7

("[W]e find neither any rejection nor offense taken by the German tribunals to a stateside discovery

order.").

      Thus, German courts are generally receptive to information obtained through Section 1782

applications. Müller-Stoy Decl. ¶¶ 27–30. And the German courts presiding over the German

Proceedings have given no indication that they would not consider evidence produced in response to

a subpoena under Section 1782. *Id.* ¶ 29. Indeed, this Court and the Eastern District of Michigan

found this factor favored discovery in the Broadcom Applications. *In re Ex Parte Application of*

- 14 -

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

1    *Broadcom Corp. and Avago Tech.*, No. 5:19-mc-80133, Dkt. 6 (N.D. Cal. Jun. 27, 2019); *Broadcom*

2    *Corporation et al*, No. 2:19-mc-51481, Dkt. 4, (E.D. Mich. Oct. 16, 2019).

3        Moreover, under the second *Intel* factor, courts are more inclined to grant Section 1782

4    applications that seek relevant and beneficial information. *See In re Ontario Principals' Council*,

5    No. 5: 13-MC-80237-LHK-PSG, 2013 WL 6073517, at *3 (N.D. Cal. Nov. 8, 2013) (granting

6    application under § 1782 where the discovery requested was narrowly tailored and "of obvious aid to

7    the foreign tribunal"); *In re Republic of Ecuador*, 2010 WL 3702427, at *5 (granting application

8    where applicant "has made a prima facie showing that the information it seeks" has "some

9    relevance" to the foreign proceeding; *In re Google Inc.*, No. 14-MC-80333-DMR, 2014 WL

10   7146994, at *3 (N.D. Cal. Dec. 15, 2014) (granting application under § 1782 for all requested

11   discovery where the applicant "at least plausibly alleged that the information sought . . . is relevant

12   to the international proceedings and is not unduly burdensome"). Here, BMW seeks information

13   highly relevant to its noninfringement, invalidity/nullity, damages, and procedural arguments.  For

14   example, and as explained above, information about how Broadcom and Avago believe their prior

15   art products, such as the BCM5411, BCM5201, and BCM5202 chips, the OpenGL ES Standard, and

16   the IEEE 802.3 Standard relate to the Asserted Patents is critical to BMW's invalidity and non-

17   infringement arguments. And Broadcom's and Avago's agreements and licenses related to the

18   Asserted Patents and SEPs are paramount to BMW's damages arguments—they are certainly

19   important in determining the value of the asserted patents and a reasonable royalty for using them.

20   Avago Techs. Int'l Sales Pte. Ltd. (Singapore)'s standing to sue BMW is also critical to BMW's

21   defenses.

22        Thus, the second *Intel* factor favors this Court's granting BMW's Application.

23           **3.     BMW is not Attempting to Circumvent German Proof-Gathering**

24                    **Restrictions or Policies**

25        Under Section 1782, the documents and testimony sought do not need to be discoverable in

26   the foreign court. *See Intel*, 542 U.S. at 260–63. But the district court should consider whether the

27   petitioner is seeking "to circumvent foreign proof-gathering restrictions or other policies of a foreign

28                                                          BAYERISCHE MOTOREN WERKE AG AND
                                    - 15 -                   BMW BANK GMBH EX PARTE APP. RE
                                                            DISCOVERY - Misc. Action No. _____

1  country or the United States." *Id.* at 265. "[O]nly upon authoritative proof that a foreign tribunal

2  would reject evidence obtained with the aid of Section 1782 should a district court refrain from

3  granting the assistance offered by the act." *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996). And courts

4  should favor permitting discovery unless there is some indication that the foreign tribunal "would

5  reject information obtained through Section 1782 discovery." *In re Eurasian Nat'l Res. Corp., LTD.*,

6  No. 18-MC-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

7       As the Northern District of California has noted, German trial procedure does not bar the use

8  of discovery obtained through Section 1782. *See In re Google Inc.*, No. 14-MC-80333-DMR, 2014

9  WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014). Prof. Dr. Müller-Stoy's Declaration also establishes

10  that German courts will accept the discovery BMW seeks. Müller-Stoy Decl. ¶¶ 27–30.  Broadcom

11  and Avago agreed in the Broadcom Applications and the courts found this factor favored discovery

12  there. *In re Ex Parte Application of Broadcom Corp. and Avago Tech.*, No. 5:19-mc-80133, Dkt. 6,

13  (N.D. Cal. Jun. 27, 2019); *In re: Petition for subpoena of Nintendo of North America*, No. 2:19-cv-

14  966, Dkt. 27, (W.D. Wash. Oct. 8, 2019); *Broadcom Corporation et al*, No. 2:19-mc-51481, Dkt. 4,

15  (E.D. Mich. Oct. 16, 2019).  Thus, this factor weighs in favor of this Court's granting BMW's

16  Application.

17       **4.**     **The Scope of Information BMW Seeks is Commensurate with the**

18                   **Information's Relevance to the German Proceedings and Will not Unduly**

19                   **Burden Broadcom and Avago**

20       In *Intel*, the Supreme Court stated that "unduly intrusive or burdensome requests may be

21  rejected or trimmed." 542 U.S. at 265. In accordance with the Court's directive to avoid unduly

22  intrusive or burdensome discovery, BMW seeks discovery into the following targeted areas:

23       1)     Broadcom's and Avago's previous agreements involving the Asserted Patents or

24             SEPs, which are relevant at least to BMW's accounting and damages,

25             noninfringement, exhaustion, and abuse of dominant market position arguments (*see,*

26             *e.g.*, BMW's document request nos. 1–2, 5–6, 21; BMW's deposition topics 3, 9, 11,

27             20);

28

BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____

2)   standard-essentiality information related to the Asserted Patents, especially with respect to the OpenGL ES Standard and the IEEE 802.3 Standard and communications with the Khronos Group and IEEE Ethernet Working Group standard-setting bodies, which is relevant to at least BMW's invalidity/nullity, exhaustion, and noninfringement arguments (*see, e.g.*, BMW's document request nos. 4–7; BMW's deposition topics 10–12);

3)   information about Broadcom's and Avago's procurement of the Asserted Patents and standing to assert them, which is relevant to at least BMW's noninfringement and procedural defenses (*see, e.g.*, BMW's document request no. 9; BMW's deposition topic 3);

4)   Broadcom's and Avago's conception, reduction to practice, and use of technology embodying the Asserted Patents, especially with respect to the BCM5411, BCM5201, and BCM5202 chips, which are relevant to at least BMW's invalidity/nullity arguments (*see, e.g.*, BMW's document request nos. 7, 18; BMW's deposition topics 12, 14);

5)   technical documentation and analysis regarding the allegedly infringing products, which are relevant to BMW's noninfringement arguments (*see, e.g.*, BMW's document request nos. 10–13; BMW's deposition topics 8, 15, 19); and

6)   Broadcom CEO Hock Tan's preparation information for his meetings with BMW's senior vice president Dr. Christoph Grote, which is relevant to at least BMW's abuse of dominant market position arguments (*see, e.g.*, BMW's document request no. 14; BMW's deposition topic 16).

This information is directly relevant to BMW's defense against allegations of infringement in the German infringement proceedings and to BMW's allegations of invalidity in the nullity proceeding and any future nullity proceedings. Moreover, a deposition is necessary in addition to the document requests at least because Broadcom's and Avago's understanding and belief regarding the allegedly standard-essential nature of the patents, Broadcom's intentions and preparations in scheduling a

BAYERISCHE MOTOREN WERKE AG AND BMW BANK GMBH EX PARTE APP. RE DISCOVERY - Misc. Action No. _____

1  meeting with Dr. Grote regarding the patents, and whether the royalties or license fees or amounts in

2  prior agreements are applicable to BMW are relevant and may not be contained in documents.

3  BMW's requests are narrowly tailored, and are much more focused than typical discovery requests

4  in U.S. patent litigation. Moreover, the scope of discovery BMW seeks is similar to the scope of

5  discovery Broadcom Corp. and Avago Technologies International Sales Pte. Limited (Singapore)

6  sought and were granted in this Court, the Western District of Washington, and the Eastern District

7  of Michigan in the Broadcom Applications.

8       The relevance of this information—which is explained in more detail above—is

9  commensurate with the minimal burden its production will place upon Broadcom and Avago. BMW

10  requests a narrow set of specific documents related to relevant litigation information. Similarly,

11  BMW's proposed deposition topics are narrow and concrete. Thus, the burden on Broadcom and

12  Avago is outweighed by the relevance of the information BMW seeks, which BMW needs to fairly

13  make out its case in Germany. This factor therefore favors this Court's granting BMW's

14  Application.

15  **IV.   CONCLUSION**

16       For the reasons discussed above, BMW respectfully requests that this Court enter the

17  proposed Order attached as Exhibit A pursuant to § 1782(a) authorizing BMW to obtain limited

18  discovery from Broadcom and Avago as set forth in the proposed Rule 45 subpoenas attached as

19  Exhibits B and C.

20

21  Dated: November 1, 2019                  FINNEGAN, HENDERSON, FARABOW,

22                                        GARRETT & DUNNER, L.L.P.

23

24                                   By:_____

25                                      Arpita Bhattacharyya, Ph.D.

26                   Attorney for Petitioners

                          BAYERISCHE MOTOREN WERKE AG and

27                   BMW BANK GMBH

28

                         - 18 -       BAYERISCHE MOTOREN WERKE AG AND
BMW BANK GMBH EX PARTE APP. RE
DISCOVERY - Misc. Action No. _____