# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG and BMW BANK GMBH | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| N/A | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Avago Tech, 6691 Crow Canyon Rd, Castro Valley, CA 94552

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place:   Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 3300 Hillview Avenue, Palo Alto, CA 94304-1203 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BMW AG and BMW Bank GmbH _____ , who issues or requests this subpoena, are:
Arpita Bhattacharyya, Ph.D. of Finnegan; 3300 Hillview Avenue, Palo Alto, CA 94304-1203; (650) 849-6600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**ATTACHMENT A**

**DEFINITIONS**

1.      "Accused Technology" shall mean Bayerische Motoren Werke AG's ("BMW AG") and BMW Bank GmbH's (collectively "BMW") head units that include the MICREL chip KSZ8864RMNU; BMW's head units that include the Marvell Avastar 88W8787 chip; and BMW's infotainment system with navigation system and display that include Texas Instruments DRA746 or Texas Instruments OMAP5432.

2.      "Asserted Patents" shall mean any of EP 1 316 181 ("EP '181"), EP 1 931 052 ("EP '052"), and/or EP 1 177 531 ("EP '531") and their Related Applications individually or in combination.

3.      "Related Applications" shall mean any patent or application related to EP '181, EP '052, and/or EP '531, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**:

Agreements, licenses, contracts, settlements, or proposals, including attachments or exhibits to those documents, relating to the Asserted Patents or the technology described in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 2**:

Documents and communications related to Broadcom's or Avago's licensing of or attempts to license the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 3**:

Documents regarding any evaluations relating to the value of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4**:

Documents and communications relating to any investigation regarding the standards-essential nature of the Asserted Patents, including any comparison of any Broadcom product or technology, including, but not limited to, the BCM5411, the BCM5201, and the BCM5202, to the OpenGL ES Standard or the IEEE 802.3 Standard.

**REQUEST FOR PRODUCTION NO. 5**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the Khronos Group or its members relating to the Asserted Patents in connection to the OpenGL ES Standard after January 2003, and particularly those documents and communications regarding EP '531 or its patent family members or foreign counterparts.

**REQUEST FOR PRODUCTION NO. 6**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the IEEE Ethernet Working Group or its members relating to the Asserted Patents in connection to the IEEE 802.3 Standard, including, but not limited to, documents and communications regarding EP '181 or its patent family members or foreign counterparts and regarding declarations of standard-essential or standard-relevant patents.

**REQUEST FOR PRODUCTION NO. 7**:

Documents showing the use of Broadcom products or chipsets—including the BCM5411, the BCM5201, and the BCM5202—that allegedly practice the Asserted Patents, the OpenGL ES

Standard, or the IEEE 802.3 Standard, including documents sufficient to show how such products or chipsets allegedly practice the Asserted Patents, OpenGL ES Standard, or IEEE 802.3 Standard and marketing materials for those products or chipsets, particularly documents related to those products' production—including, but not limited to, layouts, quality control documents, agreements, including non-disclosure agreements, with external manufacturers/suppliers—and marketing—including, but not limited to, invoices and delivery notes.

**REQUEST FOR PRODUCTION NO. 8**:

The merger agreement(s) between Broadcom and Avago or any affiliated entities, including, but not limited to, the merger agreement between Avago Technologies General IP (Singapore) Pte. Ltd. and Avago Technologies International Sales Pte. Ltd., and non-public documents sufficient to show the changed ownership of any Broadcom or Avago subsidiaries or affiliated entities under such agreements.

**REQUEST FOR PRODUCTION NO. 9**:

Assignments of the Asserted Patents and documents sufficient to show the assignment authority of the individuals who executed such assignments.

**REQUEST FOR PRODUCTION NO. 10**:

Documents and communications relating to any investigation regarding the functionality of the Accused Technology or any component of the Accused Technology.

**REQUEST FOR PRODUCTION NO. 11**:

Documents and communications relating to any investigation regarding the functionality of the Texas Instruments DRA746 with power VRSGX544 dual core or the Texas Instruments OMAP5432 with power VRSGX544 dual core, including, but not limited to, internal or external

test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 12**:

Documents and communications relating to any investigation regarding the functionality of the MICREL chip KSZ8864RMNU, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 13**:

Documents and communications relating to any investigation regarding the functionality of the Marvell Avastar Chip 88W8787 SoC, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 14**:

Documents and communications related to any meetings, correspondence, or communication between Broadcom's CEO, Hock Tan, and BMW's senior vice president Dr. Christoph Grote, including any internal communications, notes, preparatory notes, follow-up notes, presentations, meeting minutes, proposals, documents, or other materials prepared by

Broadcom or Avago in relation to any meetings, telephone calls, correspondence, or communication with Dr. Grote.

**REQUEST FOR PRODUCTION NO. 15**:

Documents and communications regarding any prior art search in connection to the Asserted Patents performed by, at the direction of, or on behalf of Broadcom, Avago, or any affiliated entities.

**REQUEST FOR PRODUCTION NO. 16**:

Documents and communications relating to any infringement, validity, nullity, or standing positions or defenses put forth by any party in any lawsuit or proceeding involving the Asserted Patents, including, but not limited to:

- Broadcom Corp. v. Nintendo of Europe GmbH, German Case No. 7 O 62/18 (Filed May 25, 2018);

- Nvidia Ltd v. Broadcom Corp., German Case No. 7 Ni 28/19 (joined with No. 7 Ni 35/19) (Filed August 6, 2018);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 7 O 33/19 (Filed March 28, 2019);

- Avago Techs. Int'l Sales Pte. Ltd. v. Audi AG et al., German Case No. 2 O 167/17 (Filed September 20, 2017);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 327 O 266/19;

- Broadcom Corp. v. Daimler AG et al., German Case No. 7 O 16/19;

- Broadcom Corp. v. Audi AG, German Case No. 7 O 190/17 (Filed October 17, 2017);

- Broadcom Corp. v. VW AG, German Case No. 7 O 191/17 (Filed October 17, 2017).

**REQUEST FOR PRODUCTION NO. 17**:

Infringement or validity opinions and any internal or external communications relating

thereto that discuss:

- EP '531, including, but not limited to, the capability of the plurality of texture processors to process a second portion of the plurality of the texture portions in parallel;

- EP '181, including, but not limited to, the implementation of the energy detect mode, the auto MDIX mode, and the generation/calculation of the qualified energy;

- EP '052, including, but not limited to, the integration of a shared LNA in the WLAN radio.

## REQUEST FOR PRODUCTION NO. 18:

Documents and communications regarding and/or describing the conception and

reduction to practice of the alleged inventions disclosed in the Asserted Patents, including

invention disclosure forms, inventor notebooks, and any communication with the United States

Patent Office, the European Patent Office, or any other national or international patent-issuing

entity that are not included with the public file histories of the Asserted Patents.

## REQUEST FOR PRODUCTION NO. 19:

Any deposition transcripts, exhibits for any depositions, responses to discovery requests,

and other materials or information produced in response to any discovery requests in the matters

entitled:

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and*

  *Avago Technologies International Sales Pte. Limited, a business entity formed under the*

  *laws of Singapore for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to*

  *Obtain Discovery for Use in Foreign Proceeding, United States District Court for the*

  *Northern District of California*, Case No. 5:19-mc-80133-NC, relating to Nvidia's chip

  RIVA TNT (Requests for Production 1–15 and Deposition Topics 1–6); and

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, United States District Court for the Western District of Washington*, Case No. 2:19-cv-966-RAJ, relating to Nvidia's chip RIVA TNT (Requests for Production 16–19 and Deposition Topics 13–14).

**REQUEST FOR PRODUCTION NO. 20**:

Documents sufficient to show Broadcom's or Avago's ability to access information owned, stored, housed, possessed, or controlled by any other entity affiliated with or related to Broadcom or Avago, including, but not limited to Avago Technologies International Sales Pte. Ltd. (Singapore), and policies or procedures regarding Broadcom's or Avago's access to such information.

**REQUEST FOR PRODUCTION NO. 21**:

Agreements, licenses, contracts, or proposals, including attachments or exhibits to those documents, relating to Broadcom's or Avago's standard essential patents (SEPs) or the technology described in SEPs.

## INSTRUCTIONS

1.      If any document and/or documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, date, a description of each document, and all recipients of the original and any copies.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
\_Northern District of California

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG and BMW<br>BANK GMBH<br>*Plaintiff*<br>v.<br><br>N/A<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |
| | Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Avago Technologies Ltd, 1320 Ridder Park Drive, San Jose, CA 95131

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See Attachment A.

| Place: | Finnegan, Henderson, Farabow, Garrett & Dunner,<br>LLP, 3300 Hillview Avenue, Palo Alto, CA 94304-<br>1203 | Date and Time: |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BMW AG and BMW Bank GmbH_____ , who issues or requests this subpoena, are:
Arpita Bhattacharyya, Ph.D. of Finnegan; 3300 Hillview Avenue, Palo Alto, CA 94304-1203; (650) 849-6600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or at regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "Accused Technology" shall mean Bayerische Motoren Werke AG's ("BMW AG") and BMW Bank GmbH's (collectively "BMW") head units that include the MICREL chip KSZ8864RMNU; BMW's head units that include the Marvell Avastar 88W8787 chip; and BMW's infotainment system with navigation system and display that include Texas Instruments DRA746 or Texas Instruments OMAP5432.

2.      "Asserted Patents" shall mean any of EP 1 316 181 ("EP '181"), EP 1 931 052 ("EP '052"), and/or EP 1 177 531 ("EP '531") and their Related Applications individually or in combination.

3.      "Related Applications" shall mean any patent or application related to EP '181, EP '052, and/or EP '531, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Agreements, licenses, contracts, settlements, or proposals, including attachments or exhibits to those documents, relating to the Asserted Patents or the technology described in the Asserted Patents.

### REQUEST FOR PRODUCTION NO. 2:

Documents and communications related to Broadcom's or Avago's licensing of or attempts to license the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 3**:

Documents regarding any evaluations relating to the value of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4**:

Documents and communications relating to any investigation regarding the standards-essential nature of the Asserted Patents, including any comparison of any Broadcom product or technology, including, but not limited to, the BCM5411, the BCM5201, and the BCM5202, to the OpenGL ES Standard or the IEEE 802.3 Standard.

**REQUEST FOR PRODUCTION NO. 5**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the Khronos Group or its members relating to the Asserted Patents in connection to the OpenGL ES Standard after January 2003, and particularly those documents and communications regarding EP '531 or its patent family members or foreign counterparts.

**REQUEST FOR PRODUCTION NO. 6**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the IEEE Ethernet Working Group or its members relating to the Asserted Patents in connection to the IEEE 802.3 Standard, including, but not limited to, documents and communications regarding EP '181 or its patent family members or foreign counterparts and regarding declarations of standard-essential or standard-relevant patents.

**REQUEST FOR PRODUCTION NO. 7**:

Documents showing the use of Broadcom products or chipsets—including the BCM5411, the BCM5201, and the BCM5202—that allegedly practice the Asserted Patents, the OpenGL ES

Standard, or the IEEE 802.3 Standard, including documents sufficient to show how such products or chipsets allegedly practice the Asserted Patents, OpenGL ES Standard, or IEEE 802.3 Standard and marketing materials for those products or chipsets, particularly documents related to those products' production—including, but not limited to, layouts, quality control documents, agreements, including non-disclosure agreements, with external manufacturers/suppliers—and marketing—including, but not limited to, invoices and delivery notes.

**REQUEST FOR PRODUCTION NO. 8**:

The merger agreement(s) between Broadcom and Avago or any affiliated entities, including, but not limited to, the merger agreement between Avago Technologies General IP (Singapore) Pte. Ltd. and Avago Technologies International Sales Pte. Ltd., and non-public documents sufficient to show the changed ownership of any Broadcom or Avago subsidiaries or affiliated entities under such agreements.

**REQUEST FOR PRODUCTION NO. 9**:

Assignments of the Asserted Patents and documents sufficient to show the assignment authority of the individuals who executed such assignments.

**REQUEST FOR PRODUCTION NO. 10**:

Documents and communications relating to any investigation regarding the functionality of the Accused Technology or any component of the Accused Technology.

**REQUEST FOR PRODUCTION NO. 11**:

Documents and communications relating to any investigation regarding the functionality of the Texas Instruments DRA746 with power VRSGX544 dual core or the Texas Instruments OMAP5432 with power VRSGX544 dual core, including, but not limited to, internal or external

test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 12**:

Documents and communications relating to any investigation regarding the functionality of the MICREL chip KSZ8864RMNU, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 13**:

Documents and communications relating to any investigation regarding the functionality of the Marvell Avastar Chip 88W8787 SoC, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 14**:

Documents and communications related to any meetings, correspondence, or communication between Broadcom's CEO, Hock Tan, and BMW's senior vice president Dr. Christoph Grote, including any internal communications, notes, preparatory notes, follow-up notes, presentations, meeting minutes, proposals, documents, or other materials prepared by

Broadcom or Avago in relation to any meetings, telephone calls, correspondence, or communication with Dr. Grote.

**REQUEST FOR PRODUCTION NO. 15**:

Documents and communications regarding any prior art search in connection to the Asserted Patents performed by, at the direction of, or on behalf of Broadcom, Avago, or any affiliated entities.

**REQUEST FOR PRODUCTION NO. 16**:

Documents and communications relating to any infringement, validity, nullity, or standing positions or defenses put forth by any party in any lawsuit or proceeding involving the Asserted Patents, including, but not limited to:

- Broadcom Corp. v. Nintendo of Europe GmbH, German Case No. 7 O 62/18 (Filed May 25, 2018);

- Nvidia Ltd v. Broadcom Corp., German Case No. 7 Ni 28/19 (joined with No. 7 Ni 35/19) (Filed August 6, 2018);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 7 O 33/19 (Filed March 28, 2019);

- Avago Techs. Int'l Sales Pte. Ltd. v. Audi AG et al., German Case No. 2 O 167/17 (Filed September 20, 2017);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 327 O 266/19;

- Broadcom Corp. v. Daimler AG et al., German Case No. 7 O 16/19;

- Broadcom Corp. v. Audi AG, German Case No. 7 O 190/17 (Filed October 17, 2017);

- Broadcom Corp. v. VW AG, German Case No. 7 O 191/17 (Filed October 17, 2017).

**REQUEST FOR PRODUCTION NO. 17**:

Infringement or validity opinions and any internal or external communications relating thereto that discuss:

- EP '531, including, but not limited to, the capability of the plurality of texture processors to process a second portion of the plurality of the texture portions in parallel;

- EP '181, including, but not limited to, the implementation of the energy detect mode, the auto MDIX mode, and the generation/calculation of the qualified energy;

- EP '052, including, but not limited to, the integration of a shared LNA in the WLAN radio.

**REQUEST FOR PRODUCTION NO. 18**:

Documents and communications regarding and/or describing the conception and reduction to practice of the alleged inventions disclosed in the Asserted Patents, including invention disclosure forms, inventor notebooks, and any communication with the United States Patent Office, the European Patent Office, or any other national or international patent-issuing entity that are not included with the public file histories of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 19**:

Any deposition transcripts, exhibits for any depositions, responses to discovery requests, and other materials or information produced in response to any discovery requests in the matters entitled:

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding, United States District Court for the Northern District of California*, Case No. 5:19-mc-80133-NC, relating to Nvidia's chip RIVA TNT (Requests for Production 1–15 and Deposition Topics 1–6); and

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, United States District Court for the Western District of Washington*, Case No. 2:19-cv-966-RAJ, relating to Nvidia's chip RIVA TNT (Requests for Production 16–19 and Deposition Topics 13–14).

**REQUEST FOR PRODUCTION NO. 20**:

Documents sufficient to show Broadcom's or Avago's ability to access information owned, stored, housed, possessed, or controlled by any other entity affiliated with or related to Broadcom or Avago, including, but not limited to Avago Technologies International Sales Pte. Ltd. (Singapore), and policies or procedures regarding Broadcom's or Avago's access to such information.

**REQUEST FOR PRODUCTION NO. 21**:

Agreements, licenses, contracts, or proposals, including attachments or exhibits to those documents, relating to Broadcom's or Avago's standard essential patents (SEPs) or the technology described in SEPs.

## INSTRUCTIONS

1.      If any document and/or documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, date, a description of each document, and all recipients of the original and any copies.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_Northern District of California

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG and BMW BANK GMBH <br> *Plaintiff* <br> v. <br> N/A <br> *Defendant* | ) ) ) ) ) ) ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Broadcom Corporation, 1320 Ridder Park Drive, San Jose, CA 95131

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place:  Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 3300 Hillview Avenue, Palo Alto, CA 94304-1203 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BMW AG and BMW Bank GmbH _____ , who issues or requests this subpoena, are:
Arpita Bhattacharyya, Ph.D. of Finnegan; 3300 Hillview Avenue, Palo Alto, CA 94304-1203; (650) 849-6600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "Accused Technology" shall mean Bayerische Motoren Werke AG's ("BMW AG") and BMW Bank GmbH's (collectively "BMW") head units that include the MICREL chip KSZ8864RMNU; BMW's head units that include the Marvell Avastar 88W8787 chip; and BMW's infotainment system with navigation system and display that include Texas Instruments DRA746 or Texas Instruments OMAP5432.

2.      "Asserted Patents" shall mean any of EP 1 316 181 ("EP '181"), EP 1 931 052 ("EP '052"), and/or EP 1 177 531 ("EP '531") and their Related Applications individually or in combination.

3.      "Related Applications" shall mean any patent or application related to EP '181, EP '052, and/or EP '531, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Agreements, licenses, contracts, settlements, or proposals, including attachments or exhibits to those documents, relating to the Asserted Patents or the technology described in the Asserted Patents.

## REQUEST FOR PRODUCTION NO. 2:

Documents and communications related to Broadcom's or Avago's licensing of or attempts to license the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 3**:

Documents regarding any evaluations relating to the value of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4**:

Documents and communications relating to any investigation regarding the standards-essential nature of the Asserted Patents, including any comparison of any Broadcom product or technology, including, but not limited to, the BCM5411, the BCM5201, and the BCM5202, to the OpenGL ES Standard or the IEEE 802.3 Standard.

**REQUEST FOR PRODUCTION NO. 5**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the Khronos Group or its members relating to the Asserted Patents in connection to the OpenGL ES Standard after January 2003, and particularly those documents and communications regarding EP '531 or its patent family members or foreign counterparts.

**REQUEST FOR PRODUCTION NO. 6**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the IEEE Ethernet Working Group or its members relating to the Asserted Patents in connection to the IEEE 802.3 Standard, including, but not limited to, documents and communications regarding EP '181 or its patent family members or foreign counterparts and regarding declarations of standard-essential or standard-relevant patents.

**REQUEST FOR PRODUCTION NO. 7**:

Documents showing the use of Broadcom products or chipsets—including the BCM5411, the BCM5201, and the BCM5202—that allegedly practice the Asserted Patents, the OpenGL ES

Standard, or the IEEE 802.3 Standard, including documents sufficient to show how such products or chipsets allegedly practice the Asserted Patents, OpenGL ES Standard, or IEEE 802.3 Standard and marketing materials for those products or chipsets, particularly documents related to those products' production—including, but not limited to, layouts, quality control documents, agreements, including non-disclosure agreements, with external manufacturers/suppliers—and marketing—including, but not limited to, invoices and delivery notes.

**REQUEST FOR PRODUCTION NO. 8:**

The merger agreement(s) between Broadcom and Avago or any affiliated entities, including, but not limited to, the merger agreement between Avago Technologies General IP (Singapore) Pte. Ltd. and Avago Technologies International Sales Pte. Ltd., and non-public documents sufficient to show the changed ownership of any Broadcom or Avago subsidiaries or affiliated entities under such agreements.

**REQUEST FOR PRODUCTION NO. 9:**

Assignments of the Asserted Patents and documents sufficient to show the assignment authority of the individuals who executed such assignments.

**REQUEST FOR PRODUCTION NO. 10:**

Documents and communications relating to any investigation regarding the functionality of the Accused Technology or any component of the Accused Technology.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and communications relating to any investigation regarding the functionality of the Texas Instruments DRA746 with power VRSGX544 dual core or the Texas Instruments OMAP5432 with power VRSGX544 dual core, including, but not limited to, internal or external

test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 12**:

Documents and communications relating to any investigation regarding the functionality of the MICREL chip KSZ8864RMNU, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 13**:

Documents and communications relating to any investigation regarding the functionality of the Marvell Avastar Chip 88W8787 SoC, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 14**:

Documents and communications related to any meetings, correspondence, or communication between Broadcom's CEO, Hock Tan, and BMW's senior vice president Dr. Christoph Grote, including any internal communications, notes, preparatory notes, follow-up notes, presentations, meeting minutes, proposals, documents, or other materials prepared by

Broadcom or Avago in relation to any meetings, telephone calls, correspondence, or communication with Dr. Grote.

**REQUEST FOR PRODUCTION NO. 15**:

Documents and communications regarding any prior art search in connection to the Asserted Patents performed by, at the direction of, or on behalf of Broadcom, Avago, or any affiliated entities.

**REQUEST FOR PRODUCTION NO. 16**:

Documents and communications relating to any infringement, validity, nullity, or standing positions or defenses put forth by any party in any lawsuit or proceeding involving the Asserted Patents, including, but not limited to:

- Broadcom Corp. v. Nintendo of Europe GmbH, German Case No. 7 O 62/18 (Filed May 25, 2018);

- Nvidia Ltd v. Broadcom Corp., German Case No. 7 Ni 28/19 (joined with No. 7 Ni 35/19) (Filed August 6, 2018);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 7 O 33/19 (Filed March 28, 2019);

- Avago Techs. Int'l Sales Pte. Ltd. v. Audi AG et al., German Case No. 2 O 167/17 (Filed September 20, 2017);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 327 O 266/19;

- Broadcom Corp. v. Daimler AG et al., German Case No. 7 O 16/19;

- Broadcom Corp. v. Audi AG, German Case No. 7 O 190/17 (Filed October 17, 2017);

- Broadcom Corp. v. VW AG, German Case No. 7 O 191/17 (Filed October 17, 2017).

**REQUEST FOR PRODUCTION NO. 17**:

Infringement or validity opinions and any internal or external communications relating thereto that discuss:

- EP '531, including, but not limited to, the capability of the plurality of texture processors to process a second portion of the plurality of the texture portions in parallel;

- EP '181, including, but not limited to, the implementation of the energy detect mode, the auto MDIX mode, and the generation/calculation of the qualified energy;

- EP '052, including, but not limited to, the integration of a shared LNA in the WLAN radio.

**REQUEST FOR PRODUCTION NO. 18**:

Documents and communications regarding and/or describing the conception and reduction to practice of the alleged inventions disclosed in the Asserted Patents, including invention disclosure forms, inventor notebooks, and any communication with the United States Patent Office, the European Patent Office, or any other national or international patent-issuing entity that are not included with the public file histories of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 19**:

Any deposition transcripts, exhibits for any depositions, responses to discovery requests, and other materials or information produced in response to any discovery requests in the matters entitled:

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding, United States District Court for the Northern District of California*, Case No. 5:19-mc-80133-NC, relating to Nvidia's chip RIVA TNT (Requests for Production 1–15 and Deposition Topics 1–6); and

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, United States District Court for the Western District of Washington*, Case No. 2:19-cv-966-RAJ, relating to Nvidia's chip RIVA TNT (Requests for Production 16–19 and Deposition Topics 13–14).

**REQUEST FOR PRODUCTION NO. 20**:

Documents sufficient to show Broadcom's or Avago's ability to access information owned, stored, housed, possessed, or controlled by any other entity affiliated with or related to Broadcom or Avago, including, but not limited to Avago Technologies International Sales Pte. Ltd. (Singapore), and policies or procedures regarding Broadcom's or Avago's access to such information.

**REQUEST FOR PRODUCTION NO. 21**:

Agreements, licenses, contracts, or proposals, including attachments or exhibits to those documents, relating to Broadcom's or Avago's standard essential patents (SEPs) or the technology described in SEPs.

## INSTRUCTIONS

1.      If any document and/or documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, date, a description of each document, and all recipients of the original and any copies.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_Northern District of California

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG and BMW BANK GMBH<br>*Plaintiff*<br>v.<br>N/A<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Broadcom Inc., 1320 Ridder Park Drive, San Jose, CA 95131

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place:    Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 3300 Hillview Avenue, Palo Alto, CA 94304-1203 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BMW AG and BMW Bank GmbH _____ ; who issues or requests this subpoena, are:
Arpita Bhattacharyya, Ph.D. of Finnegan; 3300 Hillview Avenue, Palo Alto, CA 94304-1203; (650) 849-6600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows:

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because:

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "Accused Technology" shall mean Bayerische Motoren Werke AG's ("BMW AG") and BMW Bank GmbH's (collectively "BMW") head units that include the MICREL chip KSZ8864RMNU; BMW's head units that include the Marvell Avastar 88W8787 chip; and BMW's infotainment system with navigation system and display that include Texas Instruments DRA746 or Texas Instruments OMAP5432.

2.      "Asserted Patents" shall mean any of EP 1 316 181 ("EP '181"), EP 1 931 052 ("EP '052"), and/or EP 1 177 531 ("EP '531") and their Related Applications individually or in combination.

3.      "Related Applications" shall mean any patent or application related to EP '181, EP '052, and/or EP '531, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Agreements, licenses, contracts, settlements, or proposals, including attachments or exhibits to those documents, relating to the Asserted Patents or the technology described in the Asserted Patents.

## REQUEST FOR PRODUCTION NO. 2:

Documents and communications related to Broadcom's or Avago's licensing of or attempts to license the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 3**:

Documents regarding any evaluations relating to the value of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4**:

Documents and communications relating to any investigation regarding the standards-essential nature of the Asserted Patents, including any comparison of any Broadcom product or technology, including, but not limited to, the BCM5411, the BCM5201, and the BCM5202, to the OpenGL ES Standard or the IEEE 802.3 Standard.

**REQUEST FOR PRODUCTION NO. 5**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the Khronos Group or its members relating to the Asserted Patents in connection to the OpenGL ES Standard after January 2003, and particularly those documents and communications regarding EP '531 or its patent family members or foreign counterparts.

**REQUEST FOR PRODUCTION NO. 6**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the IEEE Ethernet Working Group or its members relating to the Asserted Patents in connection to the IEEE 802.3 Standard, including, but not limited to, documents and communications regarding EP '181 or its patent family members or foreign counterparts and regarding declarations of standard-essential or standard-relevant patents.

**REQUEST FOR PRODUCTION NO. 7**:

Documents showing the use of Broadcom products or chipsets—including the BCM5411, the BCM5201, and the BCM5202—that allegedly practice the Asserted Patents, the OpenGL ES

Standard, or the IEEE 802.3 Standard, including documents sufficient to show how such products or chipsets allegedly practice the Asserted Patents, OpenGL ES Standard, or IEEE 802.3 Standard and marketing materials for those products or chipsets, particularly documents related to those products' production—including, but not limited to, layouts, quality control documents, agreements, including non-disclosure agreements, with external manufacturers/suppliers—and marketing—including, but not limited to, invoices and delivery notes.

**REQUEST FOR PRODUCTION NO. 8**:

The merger agreement(s) between Broadcom and Avago or any affiliated entities, including, but not limited to, the merger agreement between Avago Technologies General IP (Singapore) Pte. Ltd. and Avago Technologies International Sales Pte. Ltd., and non-public documents sufficient to show the changed ownership of any Broadcom or Avago subsidiaries or affiliated entities under such agreements.

**REQUEST FOR PRODUCTION NO. 9**:

Assignments of the Asserted Patents and documents sufficient to show the assignment authority of the individuals who executed such assignments.

**REQUEST FOR PRODUCTION NO. 10**:

Documents and communications relating to any investigation regarding the functionality of the Accused Technology or any component of the Accused Technology.

**REQUEST FOR PRODUCTION NO. 11**:

Documents and communications relating to any investigation regarding the functionality of the Texas Instruments DRA746 with power VRSGX544 dual core or the Texas Instruments OMAP5432 with power VRSGX544 dual core, including, but not limited to, internal or external

test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 12**:

Documents and communications relating to any investigation regarding the functionality of the MICREL chip KSZ8864RMNU, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 13**:

Documents and communications relating to any investigation regarding the functionality of the Marvell Avastar Chip 88W8787 SoC, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 14**:

Documents and communications related to any meetings, correspondence, or communication between Broadcom's CEO, Hock Tan, and BMW's senior vice president Dr. Christoph Grote, including any internal communications, notes, preparatory notes, follow-up notes, presentations, meeting minutes, proposals, documents, or other materials prepared by

Broadcom or Avago in relation to any meetings, telephone calls, correspondence, or communication with Dr. Grote.

**REQUEST FOR PRODUCTION NO. 15**:

Documents and communications regarding any prior art search in connection to the Asserted Patents performed by, at the direction of, or on behalf of Broadcom, Avago, or any affiliated entities.

**REQUEST FOR PRODUCTION NO. 16**:

Documents and communications relating to any infringement, validity, nullity, or standing positions or defenses put forth by any party in any lawsuit or proceeding involving the Asserted Patents, including, but not limited to:

- Broadcom Corp. v. Nintendo of Europe GmbH, German Case No. 7 O 62/18 (Filed May 25, 2018);

- Nvidia Ltd v. Broadcom Corp., German Case No. 7 Ni 28/19 (joined with No. 7 Ni 35/19) (Filed August 6, 2018);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 7 O 33/19 (Filed March 28, 2019);

- Avago Techs. Int'l Sales Pte. Ltd. v. Audi AG et al., German Case No. 2 O 167/17 (Filed September 20, 2017);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 327 O 266/19;

- Broadcom Corp. v. Daimler AG et al., German Case No. 7 O 16/19;

- Broadcom Corp. v. Audi AG, German Case No. 7 O 190/17 (Filed October 17, 2017);

- Broadcom Corp. v. VW AG, German Case No. 7 O 191/17 (Filed October 17, 2017).

**REQUEST FOR PRODUCTION NO. 17**:

Infringement or validity opinions and any internal or external communications relating

thereto that discuss:

- EP '531, including, but not limited to, the capability of the plurality of texture processors to process a second portion of the plurality of the texture portions in parallel;

- EP '181, including, but not limited to, the implementation of the energy detect mode, the auto MDIX mode, and the generation/calculation of the qualified energy;

- EP '052, including, but not limited to, the integration of a shared LNA in the WLAN radio.

## REQUEST FOR PRODUCTION NO. 18:

Documents and communications regarding and/or describing the conception and

reduction to practice of the alleged inventions disclosed in the Asserted Patents, including

invention disclosure forms, inventor notebooks, and any communication with the United States

Patent Office, the European Patent Office, or any other national or international patent-issuing

entity that are not included with the public file histories of the Asserted Patents.

## REQUEST FOR PRODUCTION NO. 19:

Any deposition transcripts, exhibits for any depositions, responses to discovery requests,

and other materials or information produced in response to any discovery requests in the matters

entitled:

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding, United States District Court for the Northern District of California*, Case No. 5:19-mc-80133-NC, relating to Nvidia's chip RIVA TNT (Requests for Production 1–15 and Deposition Topics 1–6); and

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, United States District Court for the Western District of Washington*, Case No. 2:19-cv-966-RAJ, relating to Nvidia's chip RIVA TNT (Requests for Production 16–19 and Deposition Topics 13–14).

**REQUEST FOR PRODUCTION NO. 20**:

Documents sufficient to show Broadcom's or Avago's ability to access information owned, stored, housed, possessed, or controlled by any other entity affiliated with or related to Broadcom or Avago, including, but not limited to Avago Technologies International Sales Pte. Ltd. (Singapore), and policies or procedures regarding Broadcom's or Avago's access to such information.

**REQUEST FOR PRODUCTION NO. 21**:

Agreements, licenses, contracts, or proposals, including attachments or exhibits to those documents, relating to Broadcom's or Avago's standard essential patents (SEPs) or the technology described in SEPs.

## INSTRUCTIONS

1.     If any document and/or documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, date, a description of each document, and all recipients of the original and any copies.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### _Northern District of California

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG and BMW BANK GMBH | ) |
| *Plaintiff* | ) |
| v. | ) |
| N/A | ) |
| *Defendant* | ) |

Civil Action No.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Broadcom Technologies Inc., 1230 Ridder Park Drive, San Jose, CA 95131

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place:   Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 3300 Hillview Avenue, Palo Alto, CA 94304-1203 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BMW AG and BMW Bank GmbH_____ , who issues or requests this subpoena, are:
Arpita Bhattacharyya, Ph.D. of Finnegan; 3300 Hillview Avenue, Palo Alto, CA 94304-1203; (650) 849-6600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐  I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                               _____
                                                    *Server's signature*

                                             _____
                                               *Printed name and title*

                                             _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "Accused Technology" shall mean Bayerische Motoren Werke AG's ("BMW AG") and BMW Bank GmbH's (collectively "BMW") head units that include the MICREL chip KSZ8864RMNU; BMW's head units that include the Marvell Avastar 88W8787 chip; and BMW's infotainment system with navigation system and display that include Texas Instruments DRA746 or Texas Instruments OMAP5432.

2.      "Asserted Patents" shall mean any of EP 1 316 181 ("EP '181"), EP 1 931 052 ("EP '052"), and/or EP 1 177 531 ("EP '531") and their Related Applications individually or in combination.

3.      "Related Applications" shall mean any patent or application related to EP '181, EP '052, and/or EP '531, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Agreements, licenses, contracts, settlements, or proposals, including attachments or exhibits to those documents, relating to the Asserted Patents or the technology described in the Asserted Patents.

### REQUEST FOR PRODUCTION NO. 2:

Documents and communications related to Broadcom's or Avago's licensing of or attempts to license the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 3**:

Documents regarding any evaluations relating to the value of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4**:

Documents and communications relating to any investigation regarding the standards-essential nature of the Asserted Patents, including any comparison of any Broadcom product or technology, including, but not limited to, the BCM5411, the BCM5201, and the BCM5202, to the OpenGL ES Standard or the IEEE 802.3 Standard.

**REQUEST FOR PRODUCTION NO. 5**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the Khronos Group or its members relating to the Asserted Patents in connection to the OpenGL ES Standard after January 2003, and particularly those documents and communications regarding EP '531 or its patent family members or foreign counterparts.

**REQUEST FOR PRODUCTION NO. 6**:

Documents and communications relating to meetings, including working groups, contributions of members, and IP declarations of the IEEE Ethernet Working Group or its members relating to the Asserted Patents in connection to the IEEE 802.3 Standard, including, but not limited to, documents and communications regarding EP '181 or its patent family members or foreign counterparts and regarding declarations of standard-essential or standard-relevant patents.

**REQUEST FOR PRODUCTION NO. 7**:

Documents showing the use of Broadcom products or chipsets—including the BCM5411, the BCM5201, and the BCM5202—that allegedly practice the Asserted Patents, the OpenGL ES

Standard, or the IEEE 802.3 Standard, including documents sufficient to show how such products or chipsets allegedly practice the Asserted Patents, OpenGL ES Standard, or IEEE 802.3 Standard and marketing materials for those products or chipsets, particularly documents related to those products' production—including, but not limited to, layouts, quality control documents, agreements, including non-disclosure agreements, with external manufacturers/suppliers—and marketing—including, but not limited to, invoices and delivery notes.

**REQUEST FOR PRODUCTION NO. 8**:

The merger agreement(s) between Broadcom and Avago or any affiliated entities, including, but not limited to, the merger agreement between Avago Technologies General IP (Singapore) Pte. Ltd. and Avago Technologies International Sales Pte. Ltd., and non-public documents sufficient to show the changed ownership of any Broadcom or Avago subsidiaries or affiliated entities under such agreements.

**REQUEST FOR PRODUCTION NO. 9**:

Assignments of the Asserted Patents and documents sufficient to show the assignment authority of the individuals who executed such assignments.

**REQUEST FOR PRODUCTION NO. 10**:

Documents and communications relating to any investigation regarding the functionality of the Accused Technology or any component of the Accused Technology.

**REQUEST FOR PRODUCTION NO. 11**:

Documents and communications relating to any investigation regarding the functionality of the Texas Instruments DRA746 with power VRSGX544 dual core or the Texas Instruments OMAP5432 with power VRSGX544 dual core, including, but not limited to, internal or external

test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 12**:

Documents and communications relating to any investigation regarding the functionality of the MICREL chip KSZ8864RMNU, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 13**:

Documents and communications relating to any investigation regarding the functionality of the Marvell Avastar Chip 88W8787 SoC, including, but not limited to, internal or external test reports regarding the head unit, the circuit board containing the chips, the chips themselves, or any reference manual, developer guide, information sheet, or datasheet referring to the same, as well as internal or external communications relating to such investigations, including, but not limited to, instructions, order letters, or order confirmations regarding external service providers.

**REQUEST FOR PRODUCTION NO. 14**:

Documents and communications related to any meetings, correspondence, or communication between Broadcom's CEO, Hock Tan, and BMW's senior vice president Dr. Christoph Grote, including any internal communications, notes, preparatory notes, follow-up notes, presentations, meeting minutes, proposals, documents, or other materials prepared by

Broadcom or Avago in relation to any meetings, telephone calls, correspondence, or communication with Dr. Grote.

**REQUEST FOR PRODUCTION NO. 15**:

Documents and communications regarding any prior art search in connection to the Asserted Patents performed by, at the direction of, or on behalf of Broadcom, Avago, or any affiliated entities.

**REQUEST FOR PRODUCTION NO. 16**:

Documents and communications relating to any infringement, validity, nullity, or standing positions or defenses put forth by any party in any lawsuit or proceeding involving the Asserted Patents, including, but not limited to:

- Broadcom Corp. v. Nintendo of Europe GmbH, German Case No. 7 O 62/18 (Filed May 25, 2018);

- Nvidia Ltd v. Broadcom Corp., German Case No. 7 Ni 28/19 (joined with No. 7 Ni 35/19) (Filed August 6, 2018);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 7 O 33/19 (Filed March 28, 2019);

- Avago Techs. Int'l Sales Pte. Ltd. v. Audi AG et al., German Case No. 2 O 167/17 (Filed September 20, 2017);

- Avago Techs. Int'l Sales Pte. Ltd. v. Daimler AG et al., German Case No. 327 O 266/19;

- Broadcom Corp. v. Daimler AG et al., German Case No. 7 O 16/19;

- Broadcom Corp. v. Audi AG, German Case No. 7 O 190/17 (Filed October 17, 2017);

- Broadcom Corp. v. VW AG, German Case No. 7 O 191/17 (Filed October 17, 2017).

**REQUEST FOR PRODUCTION NO. 17**:

Infringement or validity opinions and any internal or external communications relating thereto that discuss:

- EP '531, including, but not limited to, the capability of the plurality of texture processors to process a second portion of the plurality of the texture portions in parallel;

- EP '181, including, but not limited to, the implementation of the energy detect mode, the auto MDIX mode, and the generation/calculation of the qualified energy;

- EP '052, including, but not limited to, the integration of a shared LNA in the WLAN radio.

**REQUEST FOR PRODUCTION NO. 18**:

Documents and communications regarding and/or describing the conception and reduction to practice of the alleged inventions disclosed in the Asserted Patents, including invention disclosure forms, inventor notebooks, and any communication with the United States Patent Office, the European Patent Office, or any other national or international patent-issuing entity that are not included with the public file histories of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 19**:

Any deposition transcripts, exhibits for any depositions, responses to discovery requests, and other materials or information produced in response to any discovery requests in the matters entitled:

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding, United States District Court for the Northern District of California*, Case No. 5:19-mc-80133-NC, relating to Nvidia's chip RIVA TNT (Requests for Production 1–15 and Deposition Topics 1–6); and

- *In re Ex Parte Application of Broadcom Corporation, a Delaware corporation, and Avago Technologies International Sales Pte. Limited, a business entity formed under the laws of Singapore for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, United States District Court for the Western District of Washington*, Case No. 2:19-cv-966-RAJ, relating to Nvidia's chip RIVA TNT (Requests for Production 16–19 and Deposition Topics 13–14).

**REQUEST FOR PRODUCTION NO. 20**:

Documents sufficient to show Broadcom's or Avago's ability to access information owned, stored, housed, possessed, or controlled by any other entity affiliated with or related to Broadcom or Avago, including, but not limited to Avago Technologies International Sales Pte. Ltd. (Singapore), and policies or procedures regarding Broadcom's or Avago's access to such information.

**REQUEST FOR PRODUCTION NO. 21**:

Agreements, licenses, contracts, or proposals, including attachments or exhibits to those documents, relating to Broadcom's or Avago's standard essential patents (SEPs) or the technology described in SEPs.

## INSTRUCTIONS

1.      If any document and/or documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, date, a description of each document, and all recipients of the original and any copies.