# Exhibit D

1   Arpita Bhattacharyya (SBN 316454)
    Arpita.Bhattacharyya@finnegan.com
2   **FINNEGAN, HENDERSON, FARABOW,**
    **  GARRETT & DUNNER, L.L.P.**
3   Stanford Research Park
4   3300 Hillview Avenue
    Palo Alto, CA  94304-1203
5   Telephone:     (650) 849-6600
    Facsimile:     (650) 849-6666
6
7   Lionel M. Lavenue (*pro hac vice* to be filed)
    lionel.lavenue@finnegan.com
8   **FINNEGAN, HENDERSON, FARABOW,**
    **  GARRETT & DUNNER, L.L.P.**
9   Two Freedom Square
    11955 Freedom Drive
10  Reston, VA  20190-5675
    Telephone:     (571) 203-2750
11  Facsimile:     (571) 203-2777
12
    R. Benjamin Cassady (*pro hac vice* to be filed)
13  ben.cassady@finnegan.com
    **FINNEGAN, HENDERSON, FARABOW,**
14  **  GARRETT & DUNNER, L.L.P.**
    901 New York Avenue, N.W.
15  Washington, DC  20001-4413
    Telephone:     (202) 408-6088
16  Facsimile:     (202) 408-4400
17
    Attorneys for Petitioners
18  BAYERISCHE MOTOREN WERKE AG and
19  BMW BANK GMBH

20                 UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
21                      SAN JOSE DIVISION

22  In Re Ex Parte Application of               Misc. Action No.
    BAYERISCHE MOTOREN WERKE AG
23  and BMW BANK GMBH                           **[PROPOSED] STIPULATION AND**
                                                **PROTECTIVE ORDER**
24          Applicants,

25
    for an Order Pursuant to 28 U.S.C. Section
26  1782 Granting Leave to Obtain Discovery
    for Use in Foreign Proceeding.
27

28
                                        - 1 -    [PROPOSED] STIPULATION AND PROTECTIVE
                                                ORDER - Misc. Action No. _____

**[PROPOSED] STIPULATION AND PROTECTIVE ORDER**

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential materials, and ensure that protection is afforded only to material so entitled, and for good cause shown, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**1.   PURPOSE AND LIMITATIONS**

1.1   Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order shall be used by a Receiving Party solely for (i) the above-captioned case and all related appeals or (ii) the Actions and all related appeals, or (iii) invalidity or nullity actions and all related appeals regarding the Patents at issue in the Actions, and shall not be used directly or indirectly for any other purpose whatsoever, except as expressly provided for herein and/or agreed to by the Producing Party.

1.2   Nothing in this Protective Order shall be construed to require a Producing Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of the Court. Production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this Protective Order shall not prejudice the right of any Producing Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.  Similarly, no Producing Party waives any right to object on any ground to the admissibility of any of the Discovery Material, or portion thereof, covered by this Protective Order.  Likewise, nothing in this Protective Order shall prejudice the right of any Receiving Party to challenge the confidentiality designation of any materials produced and designated under this Protective Order.

1.3   Disclosure and discovery activity in the above-captioned case may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

1  extends only to the limited information or items that are entitled to confidential treatment under the

2  applicable legal principles.  Accordingly, the Parties hereby stipulate to and petition the Court to

3  enter this Protective Order.

4  **2.      DEFINITIONS**

5        2.1      Actions: 2.1   Avago Techs. Int'l Sales Pte. Ltd. v. Bayerische Motoren Werke AG,

6  et al., No. 7 O 83/19 (filed on July 19, 2019 before the Mannheim Regional Court in Germany);

7  Avago Techs. Int'l Sales Pte. Ltd. v. Bayerische Motoren Werke AG, et al., No. 327 O 272/19 (filed

8  on August 2, 2019 before the Hamburg Regional Court in Germany); Broadcom Corp. v. Bayerische

9  Motoren Werke AG, et al., No. 7 O 14/19 (filed on February 12, 2019 before the Mannheim

10  Regional Court in Germany); and consequent appeals before the Court of Appeal and Federal Court

11  of Justice, and any other German infringement or nullity actions in which the infringement or

12  validity of EP 1 316 181, EP 1 931 052, and/or EP 1 177 531 is at issue.

13        2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is

14  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

15  Civil Procedure 26(c).  A Producing Party may designate any Discovery Material as

16  "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive

17  information.

18        2.3      Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

19  as their support staff).

20        2.4      Designating Party:  a Party that designates information or items that it produces in

21  disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY."

23        2.5      Discovery Material:  all items or information, regardless of the medium or manner in

24  which it is generated, stored, or maintained (including, among other things, testimony, transcripts,

25  and tangible things), that are produced or generated in disclosures or responses to discovery in this

26  matter.

27

28

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or a litigation consultant in the Actions (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation or the Actions), and who is not a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Discovery Material that contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

2.8     House Counsel:  attorneys (as well as their support staff) who are employees of the Receiving Party and who have responsibility for managing the above-captioned case or the Actions. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to the above-captioned case or the Actions.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party but are retained to represent or advise a Party in connection with the above-captioned case or the Actions and have entered an appearance on behalf of that Party in the above-captioned case or the Actions, as well as other attorneys or support staff employed by or affiliated with the same firm as one of the attorneys who has entered an appearance on behalf of one of the Parties in the above-captioned case or the Actions, to whom it is reasonably necessary to disclose the information for the above-captioned case or the Actions.

- 4 -

2.11    Party or Parties:  Broadcom Corporation; Broadcom Inc.; Broadcom Technologies Inc.; Avago Technologies Ltd; Avago Tech; Bayerische Motoren Werke AG; and BMW Bank GmbH, including all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Discovery Material pursuant to this protective order.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.  For the avoidance of doubt, Professional Vendors does not include professional jury or trial consultants or mock jurors.

2.14    Protected Material:  any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Protective Order.

2.15    Receiving Party:  a Party that receives Discovery Material from a Producing Party.

2.16    Relevant Technology:  technology related to (a) graphics display systems for processing and displaying video graphics; (b) bridge circuits in network devices; (c) computer graphics systems for processing textures for a graphic image on a computer display; (d) systems for providing layered graphics in a video environment; (e) systems for processing textures for a graphical image; (f) systems for processing signals received via a communication medium, in particular, for sharing low noise amplifier (LNA) circuitry; and (g) systems operable to perform energy detection and auto wire pair selection within a communication device.

3.    **SCOPE**

3.1    The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, derivations or compilations of Protected Material; and (3) any

- 5 -

1  testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

2  Material.

3         3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own

4  disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order

5  shall preclude any Producing Party from showing its Protected Material to an individual who

6  prepared the Protected Material.  Notwithstanding the foregoing, a Producing Party may not disclose

7  its own Protected Material to the extent such Protected Material is also the Protected Material of any

8  other Party (*e.g.*, settlement discussions and agreements containing confidentiality obligations),

9  without the prior written consent of such other party, unless compelled to do so by a Court of

10 competent jurisdiction.

11        3.3    Nothing in this Protective Order shall restrict in any way the use or disclosure of

12 Discovery Material by a Receiving Party that is:  (i) in the public domain at the time of disclosure to

13 a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

14 result of publication not involving a violation of this Protective Order, including becoming part of

15 the public record through trial or otherwise; (ii) known to the Receiving Party prior to the disclosure

16 or obtained by the Receiving Party after the disclosure from a source who obtained the information

17 lawfully and under no obligation of confidentiality to the Designating Party; (iii) previously

18 produced, disclosed and/or provided by the Designating Party to the Receiving Party or a Non-Party

19 without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of

20 the Designating Party; or (v) pursuant to order of the Court.

21        3.4    Nothing in this Protective Order shall restrict a Producing Party's use or disclosure of

22 Discovery Material it produces that is designated as Protected Material by another Party or Non-

23 Party, if it was previously disclosed, produced, or provided by the Designating Party to the

24 Producing Party.

25        3.5    Nothing in this Protective Order shall be construed to preclude any Party's right to

26 seek to file any Protected Material with the Court under seal.  This Protective Order is without

27 prejudice to the right of any Party to seek further or additional protection of any Discovery Material

28

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 4.   DURATION

4.1     Even after final disposition of the Actions, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or that information otherwise becomes public.  Final disposition occurs after an order, mandate, or dismissal finally terminating the Actions with prejudice, including all appeals.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5.2     Manner and Timing of Designations.  The Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Protective Order requires:

- 7 -

1       (a)    For information in documentary form (e.g., paper or electronically stored

2    information ("ESI"), but excluding transcripts of depositions or other pretrial or trial

3    proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected

5    material and also, for ESI, in the metadata field assigned to indicate the confidentiality

6    designation.[1]

7       (b)    A Party that makes original documents or materials available for inspection

8    need not designate them for protection until after the inspecting Party has indicated which

9    material it would like copied and produced.  During the inspection and before the

10   designation, all of the material made available for inspection shall be deemed "HIGHLY

11   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has

12   identified the documents it wants copied and produced, the Producing Party must determine

13   which documents qualify for protection under this Protective Order.  Then, before producing

14   the specified documents, the Producing Party must affix the appropriate legend

15   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") as

16   set forth in the preceding paragraph.

17      (c)    For electronic files and documents produced in native electronic format, that

18   the Producing Party append to the file names or designators information indicating whether

19   the files contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

20   EYES ONLY" material, or shall use any other reasonable method for so designating

21   Protected Materials produced in electronic format.  When electronic files or documents are

22   printed for use at deposition, in a court proceeding, or for provision in printed form to an

23   Expert, the party printing the electronic files or documents shall affix a legend to the printed

24   document corresponding to the designation of the Designating Party and including the

25   production number and designation associated with the native file.

26

27      [1] This protective order does not account for the provision of any source code, and the Parties
agree that, to the extent production of source code is appropriate and required, a supplemental
28   protective order with additional disclosure protections and procedures will be necessary.

(d)     Each Party shall give the other Party notice if it reasonably expects a hearing or other proceeding to include the other Party's Protected Material so that the other Party can ensure that only authorized individuals are present at those proceedings.

(e)     For all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.  Following a correction of a designation, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     <u>Basic Principles</u>.  All Protected Material shall be used solely for the above-captioned case and the Actions, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order or another Order of this Court.  When the Actions have been terminated, the Receiving Party must comply with the provisions of Sections 4.1, 11.5 and 12 herein.

6.2     <u>Duty to Object to Third Party Effort to Access in the Actions</u>.  After and to the extent a Receiving Party receives notice that a third party to the Actions is attempting to access Protected Material in the Actions, the Receiving Party will object to any attempt by a third party to access any Protected Material submitted to the court in any Actions.  After receiving notice, a Receiving Party will promptly notify the Designating Party and its counsel of any attempt by a third party to the

- 9 -

1    Actions to access any such Protected Material from those proceedings, or of any attempt by any third

2    party to intervene in the Actions, in sufficient time to allow the Designating Party to object, with the

3    Receiving Party's assistance and the cooperation of the parties in the proceeding, and to have such

4    objection timely resolved by the German court to ensure adequate protections remain in place.

5        6.3    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

6    by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7    information or items designated "CONFIDENTIAL" only to:

8        (a)    the Receiving Party's Outside Counsel of Record in the above-captioned case

9        or Outside Counsel of Record in the Actions who have signed the "Acknowledgment and

10       Agreement to Be Bound" (Exhibit A), as well as employees of said Outside Counsel of

11       Record in the above-captioned case or Outside Counsel of Record in the Actions, and any

12       copying or clerical litigation support services working at the direction of such Outside

13       Counsel of Record to whom it is reasonably necessary to disclose the information for this

14       litigation or the Actions;

15       (b)    Three (3) or fewer House Counsel identified in accordance with Section 6.6

16       below prior to any disclosure, (1) to whom disclosure is reasonably necessary for this

17       litigation or the Actions, (2) who are not involved in competitive decision-making as defined

18       by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party

19       or a competitor of a Party, (3) who have signed the "Acknowledgment and Agreement to Be

20       Bound" (Exhibit A), as well as their support staff to whom disclosure is reasonably

21       necessary, provided that such support staff are not involved in competitive decision-making

22       and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23       (c)    Experts (as defined in this Protective Order) retained by the Receiving Party

24       to whom disclosure is reasonably necessary for this litigation provided that (1) such Expert

25       has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2) such Expert

26       has no involvement in competitive decision-making (as defined by *U.S. Steel v. United*

27       *States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)) for the Receiving Party; and (3) no

28

- 10 -       [PROPOSED] STIPULATION AND PROTECTIVE
             ORDER - Misc. Action No. _____

1   unresolved objections to such disclosure exist after proper notice has been given to all Parties

2   as set forth in Section 6.6;

3        (d)    Professional Vendors to whom disclosure is reasonably necessary for this

4   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

5   A);

6        (e)    the Court in the above-captioned case and the Actions and their respective

7   personnel;

8        (f)    court reporters and their staff to whom disclosure is reasonably necessary for

9   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

10  (Exhibit A);

11       (g)    the Designating Party or its employees, the author or recipient of a document

12  containing the information, or a custodian or other person who otherwise possessed or knew

13  the information; and

14       (h)    any other person with the prior written consent of the Designating Party.

15     6.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16  Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

17  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19       (a)    the Receiving Party's Outside Counsel of Record in the above-captioned case

20  or Outside Counsel of Record in the Actions who have signed the "Acknowledgment and

21  Agreement to Be Bound" (Exhibit A), as well as employees of said Outside Counsel of

22  Record, and any copying or clerical litigation support services working at the direction of

23  such Outside Counsel of Record to whom it is reasonably necessary to disclose the

24  information for this litigation;

25       (b)    Three (3) or fewer House Counsel identified in accordance with Section 6.6

26  below prior to any disclosure, (1) to whom disclosure is reasonably necessary for this

27  litigation or the Actions, (2) who are not involved in competitive decision-making as defined

28

- 11 -    [PROPOSED] STIPULATION AND PROTECTIVE
          ORDER - Misc. Action No. _____

by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (4) who are bar-admitted German patent attorneys or attorneys-at-law subject to German professional rules for attorneys,[2] as well as their support staff to whom disclosure is reasonably necessary, provided that such support staff are not involved in competitive decision-making and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Protective Order) of the Receiving Party or its Outside Counsel of Record, retained to assist in the above-captioned case or the Actions, provided that disclosure is only to the extent necessary to perform such work; and provided that: (1) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2) such Expert is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (3) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 6.6.

(d)     Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court in the above-captioned case and the Actions and their respective personnel;

---

[2] German law expressly recognizes in-house patent attorneys (Syndikuspatentanwalt), § 41a (2) Patentanwaltsordnung (PAO), and in-house attorneys-at-law (Syndikusrechtsanwalt), § 46 (2) Bundesrechtsanwaltsordnung (BRAO), collectively "Syndikusanwälte". Syndikusanwälte are duty-bound to abide by professional ethics principles to the same extent as attorneys in private practice, § 41d (1) PAO, § 46c (1) BRAO. These principles include duties of confidentiality, § 39a (2) PAO, § 4 Berufsordnung der Patentanwälte (BOPA), § 43a (2) BRAO, § 2 Berufsordnung der Rechtsanwälte (BORA), as well as for a Syndikuspatentanwalt duties to protect documents received from a third party, § 6 BOPA.  Only House Counsel who are Syndikusanwälte may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this provision.

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

(f)     court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the Designating Party or its employees, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any other person with the prior written consent of the Producing Party.

6.5     Procedures for Approving or Objecting to Disclosure of Protected Material.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, prior to disclosing any Protected Material to any person described in Sections 6.4(b), 6.4(c), or 6.5(b) (referenced below as "Person"), the party seeking to disclose such Protected Material first must make a written request to the Designating Party that:

      i.     sets forth the full name of the Person and the city and state of his or her residence, and

      ii.     states the present employer and the title of the Person;

      iii.     for any Expert, includes (a) an up-to-date curriculum vitae of the Person (including the Person's name and business/professional title and business address); (b) a list of other cases in which the Person has testified (at trial or deposition) within the last five (5) years; (c) a list of all companies by which the Person has been employed within the last four (4) years, the dates of the employment, and a brief description of the subject matter of the employment; and (d) a list of all companies with which the Person has consulted within the last four (4) years, the dates of the consultancy, and a brief description of the subject matter of the consultancy.  This paragraph does not require the Disclosing Party to disclose aspects of any Expert's business or profession or companies with which the proposed expert has consulted or by which the proposed expert has been employed to the extent such

- 13 -

[PROPOSED] STIPULATION AND PROTECTIVE ORDER - Misc. Action No. _____

information is subject to a non-disclosure agreement or other legal or contractual confidentiality obligations by the expert to a third party; in any such instance, the Disclosing Party will describe the confidential information / experience in such a manner as to enable the other parties to determine whether any valid concerns exist regarding the Disclosing Party's retention of that expert.

(b)     Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

(c)     A Party that makes a request and provides the information specified in Sections 6.6(a) and 6.6(b) may disclose the subject Protected Material to the identified Person unless, within seven (7) days of delivering the request and providing all the information required to be disclosed by this section, the Party receives a written objection from the Designating Party.  Any such objection must be in writing and set forth good cause for the objection.  For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Protective Order.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.

(d)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue; other forms of communication are not sufficient) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Person may file a motion as provided in Civil Local Rule 7-1 (or otherwise according to the Court's discovery dispute resolution procedures) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons

- 14 -

[PROPOSED] STIPULATION AND PROTECTIVE ORDER - Misc. Action No. _____

why the disclosure to the Person is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(e) In any such proceeding, the Party opposing disclosure to the Person shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the relevant Person.

(f) Upon receipt, a Receiving Party shall provide the Designating Party with a copy of each signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) referenced herein.

6.6 <u>Use of Protected Material</u>. Any Protected Material may be introduced or submitted during one or more of the Actions only if the Receiving Party takes reasonable steps and makes all reasonable confidentiality requests to the court that are available under German procedural law to protect the confidentiality of such Protected Material, including: (a) in the case of written submissions, requesting that the German court exclude any Protected Materials from any third party access to the court files and to keep them separate from other submissions in the Actions; (b) in the case of written submissions, redacting, to the extent reasonably possible, any Protected Material, and requesting that only the persons permitted access to such Protected Material under this Protective Order are the recipients of such information; (c) in the case of a Receiving Party that requests inspection of the court file in any Action, ensuring that Receiving Party's outside counsel and any others retained or employed by Receiving Party who may receive access to Protected Material as a result of such request have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (d) requesting that the German court seal the courtroom from the public, including the Party representatives who are not permitted access to Protected Material under this Protective Order,

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

1  during those portions of court hearings when the Protected Material is to be discussed, and to the

2  extent reasonably practicable, otherwise referring to citations to the written record for Protected

3  Material during court proceedings in lieu of the content of Protected Material where members of the

4  public or others are present who are not permitted access to Protected Material.

5        6.7    <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, any

6  person who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

7  shall not be involved, directly or indirectly, in any of the following activities for a Party: (i) advising

8  on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications,

9  specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims

10  in patents or patent applications relating to Relevant Technology, before any foreign or domestic

11  agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents

12  (including patent applications), or the rights to any such patents or patent applications with the right

13  to sublicense, relating to Relevant Technology. To avoid any doubt, activities subject to the Patent

14  Prosecution Bar as used in this paragraph do not include representing a Party in a post-grant validity

15  proceeding before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex*

16  *parte* reexamination or *inter partes* reexamination, or other invalidity-related proceedings in other

17  jurisdictions, such as "nullity" actions in Germany). This Prosecution Bar shall only apply to

18  information that is technical in nature, relates to current or anticipated products, and that is

19  designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Prosecution Bar

20  shall not apply to financial or other non-technical information disclosed by a Producing Party and

21  designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to information that

22  is originally created more than ten years prior to the entry of this Protective Order. Any information

23  the Producing Party contends should be subject to the Prosecution Bar must be separately labeled

24  "SUBJECT TO PROSECUTION BAR." This Prosecution Bar shall begin when the affected

25  individual first reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

26  and shall end two (2) years after final disposition of the Actions.

27

28

    [PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

6.8     Development Bar.  Absent the written consent of the Producing Party, any person who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in performing hardware or software development work or product development work directly or indirectly intended for commercial purposes relating to Relevant Technology.  This Development Bar shall only apply to information that is technical in nature, relates to current or anticipated products, and that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The Development Bar shall not apply to financial or other non-technical information disclosed by a Producing Party and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or information that is originally created more than ten years prior to the entry of this Protective Order.  Any information the Producing Party contends should be subject to the Development Bar must be separately labeled "SUBJECT TO DEVELOPMENT BAR."  These prohibitions shall begin when the affected individual first reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials and until two (2) years after final disposition of the Actions.

7.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

7.1     If a Party is served with a subpoena or a court order issued by any court, arbitral, administrative, or legislative body that compels disclosure of any information or items designated pursuant to this protective order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

[PROPOSED] STIPULATION AND PROTECTIVE ORDER - Misc. Action No. _____

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated pursuant to this protective order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its material designated as CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party in the above-captioned case or the Actions to disobey a lawful directive from another court or any arbitral, administrative, or legislative body.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8.1     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve improperly disclosed Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

9.1     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Any

[PROPOSED] STIPULATION AND PROTECTIVE ORDER - Misc. Action No. _____

1   inadvertent production of privileged or otherwise protected material that satisfies Federal Rule of

2   Evidence 502(b) shall not be deemed to have waived the privilege or protection.

3        9.2      Nothing herein shall prevent the Receiving Party from preparing a record for its own

4   use containing the date, author, addresses, and topic of the inadvertently produced Discovery

5   Material and such other information as is reasonably necessary to identify the Discovery Material

6   and describe its nature to the Court in any motion to compel production of the Discovery Material.

7   **10.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8        10.1     <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at

9   any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is

10  necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

11  significant disruption or delay of the litigation, a Party does not waive its right to challenge a

12  confidentiality designation by electing not to mount a challenge promptly after the original

13  designation is disclosed.

14       10.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process

15  by providing written notice of each designation it is challenging and describing the basis for each

16  challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must

17  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

18  of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must

19  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

20  are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party

21  must explain the basis for its belief that the confidentiality designation was not proper and must give

22  the Designating Party an opportunity to review the designated material, to reconsider the

23  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

24  designation.  A Challenging Party may proceed to the next stage of the challenge process only if it

25  has engaged in this meet and confer process first or establishes that the Designating Party is

26  unwilling to participate in the meet and confer process in a timely manner.

27

28

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

10.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (or the Court's procedures for resolving discovery disputes and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Similarly, frivolous assertions of confidentiality protections and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 11.     MISCELLANEOUS

11.1     Operability of This Protective Order.  This Protective Order supersedes all prior orders regarding the disclosure of protected materials.

[PROPOSED] STIPULATION AND PROTECTIVE ORDER - Misc. Action No. _____

11.2    Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

11.3    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Protective Order shall not constitute a waiver of the right of any Party to claim in the Actions or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in the Actions or any other proceeding.

11.4    Filing Protected Material.  A Party that seeks to file under seal any Protected Material with the Court must comply with Civil Local Rule 79-5.  The standards and procedures outlined in Civil Local Rule 79-5 apply in all respects as to filing of materials designated under this Protective Order.

11.5    Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

11.6    Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

1  Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District
2  of California, or the Court's own orders.

3  **12.     FINAL DISPOSITION**

4          12.1     Unless otherwise ordered or agreed in writing, within 90 days after the final
5  disposition of the Actions, as defined in Section 4.1, the Receiving Party, including Outside Counsel
6  for the Receiving Party, shall destroy or return all Protected Material, including Protected Material
7  included in work product, pleadings, motion papers, legal memoranda, correspondence, trial
8  transcripts and trial exhibits admitted into evidence ("derivations"), with the exception that the
9  obligation to destroy all copies of such Discovery Material shall not extend to copies stored in
10 disaster recovery backups or other data sources that are not reasonably accessible.  As used in this
11 subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and
12 any other format reproducing or capturing any of the Discovery Material.  Whether the Discovery
13 Material is returned or destroyed, the Receiving Party must submit a written certification to the
14 respective outside counsel of the Producing Party (and, if not the same person or entity, to the
15 Designating Party) by the 90 day deadline that (a) identifies (by category, where appropriate) all the
16 Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not
17 retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing
18 any of the Discovery Material.  Notwithstanding this provision, Counsel are entitled to retain an
19 archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
20 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and
21 consultant and expert work product, even if such materials contain Protected Material.  Any such
22 archival copies that contain or constitute Protected Material stored in disaster recovery backups or
23 other sources that are not reasonably accessible remain subject to this Protective Order as set forth in
24 Section 4.1.

25         12.2     The Court shall retain jurisdiction after final disposition of the above-captioned case
26 to hear and resolve any disputes arising out of this Protective Order.

27

28

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

1    **IT IS SO STIPULATED.**

2    Dated:                                    FINNEGAN, HENDERSON, FARABOW,
3                                                 GARRETT & DUNNER, L.L.P.

4

5                                             By:_____
6                                                   Arpita Bhattacharyya, Ph.D.

7                                             Attorney for Petitioners
8                                             BAYERISCHE MOTOREN WERKE AG and
                                              BMW BANK GMBH
9

10   DATED:

11                                            By:_____

12

13   **PURSUANT TO STIPULATION, IT IS SO ORDERED**

14

15   DATED:

16                                            By:_____

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 23 -    [PROPOSED] STIPULATION AND PROTECTIVE
                                              ORDER - Misc. Action No. _____

## EXHIBIT A—ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the Northern

District of California on [date] in the case of *In Re Ex Parte Application Of BAYERISCHE*

*MOTOREN WERKE AG and BMW BANK GMBH*, Case No. _____. I agree to comply

with and to be bound by all the terms of this Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions of this

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order, even

if such enforcement proceedings occur after termination of the Actions.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with the Actions or any proceedings related

to enforcement of this Protective Order.

Date: _____

Location where sworn and signed: _____

Printed name: _____

Signature: _____

- 24 -

[PROPOSED] STIPULATION AND PROTECTIVE
ORDER - Misc. Action No. _____

1

**ATTESTATION OF E-FILED SIGNATURE**

2          Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the

3     filing of this document from all signatories for whom a signature is indicated by a "conformed"

4     signature (/s/) within this electronically filed document and I have on file records to support this

5     concurrence for subsequent production to the Court if so ordered or for inspection upon request.

6

7     Dated:                                    By:_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 25 -          [PROPOSED] STIPULATION AND PROTECTIVE
                ORDER - Misc. Action No. _____