1  Arpita Bhattacharyya (SBN 316454)
   Arpita.Bhattacharyya@finnegan.com
2  **FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, L.L.P.**
3  Stanford Research Park
   3300 Hillview Avenue
4  Palo Alto, CA 94304-1203
   Telephone:     (650) 849-6600
5  Facsimile:     (650) 849-6666
6
7  Lionel M. Lavenue (*pro hac vice* to be filed)
   lionel.lavenue@finnegan.com
8  **FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, L.L.P.**
9  Two Freedom Square
   11955 Freedom Drive
10 Reston, VA 20190-5675
   Telephone:     (571) 203-2750
11 Facsimile:     (571) 203-2777
12
13 R. Benjamin Cassady (*pro hac vice* to be filed)
   ben.cassady@finnegan.com
14 **FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, L.L.P.**
15 901 New York Avenue, N.W.
   Washington, DC 20001-4413
16 Telephone:     (202) 408-6088
   Facsimile:     (202) 408-4400
17
18 Attorneys for Applicant
   BAYERISCHE MOTOREN WERKE AG and
19 BMW BANK GMBH

20                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
21                            SAN JOSE DIVISION

22 In re *Ex Parte* Application of          Misc. Action No.
   BAYERISCHE MOTOREN WERKE AG
23 and BMW BANK GMBH
                                            **DECLARATION OF TILMAN MÜLLER-**
24                                          **STOY IN SUPPORT OF BMW AG AND**
              Applicants,                   **BMW BANK GMBH'S *EX PARTE***
25                                          **APPLICATION FOR AN ORDER UNDER**
   for an Order Under 28 U.S.C. § 1782(a)   **28 U.S.C. § 1782(a) GRANTING LEAVE TO**
26 Granting Leave to Obtain Discovery for Use **OBTAIN DISCOVERY FOR USE IN**
   in Foreign Proceeding                    **FOREIGN PROCEEDINGS**
27
28

FILED

NOV 01 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

VKD

CV-19-80272 MISC

I, Tilman Müller-Stoy, hereby declare as follows:

1.     I am an attorney at law admitted to practice in Germany. I am a partner at the Munich office of the law firm Bardehle Pagenberg. I make this declaration based on my own personal knowledge and based on documents that I have reviewed. If called as a witness, I could and would competently testify to the matters stated herein.

2.     I submit this declaration in support of Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") and BMW Bank GmbH's (collectively "BMW" or "Applicants") *Ex.Parte* Application for an Order Pursuant to 28 U.S.C. § 1782(a) Granting Leave to Obtain Discovery for Use in Foreign Proceedings ("Application").

## PERSONAL BACKGROUND AND EXPERIENCE

3.     I studied law at the at the University of Regensburg, Germany, and the University of Aberdeen, United Kingdom and completed my *Referendariat* (legal clerkship) in the circuit of the Higher Regional Court Munich. I have been admitted as a *Rechtsanwalt* (attorney at law) to practice before the German courts since 2004. I specialized in global patent litigation since then and am recognized as a leading German patent litigator in all relevant lawyer directories.

4.     In addition, I am an Honorary Professor for Patent Law at the Technical University of Munich and have been working as a visiting lecturer in IP Law at the Technical University of Munich since 2009. I also teach patent law at the Center for Advanced Study and Research on Intellectual Property (CASRIP) of the University of Washington School of Law and as part of Dresden University of Technology's LL.M. program "International Studies in Intellectual Property Law". I am a frequent speaker at national and international conferences on patent litigation and patent law. I am the Chair of the Dispute Resolution Committee of LESI (Licensing Executive Society International).

5.     I represent Applicants in connection with litigation, described more fully below, that Broadcom Corporation ("Broadcom") and Avago Technologies International Sales Pte. Ltd. ("Avago") have brought against BMW in the Mannheim Regional Court and the Hamburg Regional Court (collectively "German Courts"), in Mannheim and Hamburg, Federal Republic of Germany.

1

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action No. _____

## BACKGROUND OF THE PARTIES AND THEIR DISPUTE

6.      BMW AG designs and manufactures motor vehicles, parts, and other accessories for sale in Europe and for export and sale throughout the world. It is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany. BMW Bank GmbH is a wholly owned subsidiary of BMW AG.

7.      Broadcom Corporation is a global technology company that designs, develops, manufactures, and supplies a broad range of semiconductor products. Its principal place of business is located at 1320 Ridder Park Drive, San Jose, California 95131, USA. Avago is a member of the Broadcom corporate family. One of the patents asserted in the litigation against BMW is owned by Broadcom, and the other patents are registered to Avago.

8.      In the European patent system, patent applicants seek a single European Patent at the European Patent Office. Once granted, this patent splits into parts by the countries designated in the application. In contrast to patent infringement proceedings in United States district courts, Germany has a "bifurcated" patent litigation system in which separate courts handle questions of patent infringement and patent validity. The German Regional Courts ("Landgericht" in German) hear patent infringement actions. The German Federal Patent Court ("Bundespatentgericht" in German) hears "nullity" actions. Nullity actions are proceedings brought by a party to challenge the validity of a patent.

9.      In general, only the patent proprietor registered in the patent register is authorized to initiate legal proceedings. In case a patent was transferred and the new proprietor of the patent asserts, in its own name, claims for damages, claims for information and accounting, claims for recall or claims for destruction covering a period before the new patent proprietor was registered in the patent register, the new patent proprietor has, if contested, to prove that such claims have been duly assigned to the new patent proprietor, including but not limited to proof of the signatory authority of the individuals who executed any assignments. In case such assignment of rights was part of a foreign transaction subject to foreign law, the German courts also must assess whether such assignment was valid under foreign law.

2

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action No. _____

10.    In fact, BMW is aware of standing issues in Avago's suit with Netflix (No. 7 O 58/18 and No. 7 O 59/18). According to statements made by Avago in the German infringement actions brought against BMW, the two patents asserted in these suits and all rights to these patents, including the right to claim damages from third-parties for past, present and future infringement of these patents, were assigned from Broadcom to Avago Technologies General IP (Singapore) Pte. Ltd.. Later Avago Technologies General IP (Singapore) Pte. Ltd. was merged with Avago. In addition, Avago itself makes reference to the court files of the suits with Netflix in the German infringement action brought by Avago against BMW in Hamburg, so this information is relevant to BMW's standing arguments in the German Proceedings. Therefore, the assignment information, including signatory authority of the individuals who executed any assignments, related to the Asserted Patents is highly relevant to BMW's defenses.

11.    In order to allow components built by different producers to work together, standards setting organizations design a single standard that all similar products can follow to interact. When patent owners participate in the standard setting, standard setting organizations often require the patent owners to agree to license the patents that are necessary for the practice of the patent (known as standards essential patents or SEPs) on fair, reasonable, and non-discriminatory (FRAND) terms. This agreement is necessary because the owner of a SEP could otherwise demand a royalty rate equal to the value of the entire standard instead of the value of the patent. This is called "hold up" because the single patent owner prevents the practicing of the entire standard with the threat of an infringement suit over the single patent. As a further preventive measure, some standards setting organizations also require their members to cross license their patents with other members.

12.    As explained in detail in the infringement complaints filed against BMW in Germany, the dispute between Applicants and Broadcom/Avago concerns the alleged infringement of the German parts of three European Patents by head units—the audiovisual centerpiece of an automobile's sound and information system—installed in BMW vehicles that are offered for sale, and sold in Germany or imported into and possessed for this purpose in Germany by BMW. These patents are:

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action No. _____

a)      EP 1,177,531 ("EP '531 Patent") which describes and claims a computer graphics system and method for processing textures for a graphic image on a computer display. The EP '531 Patent is owned by and registered to Broadcom. *See* Exhibit A.

b)      European Patent No. EP 1,316,181 ("EP '181 Patent") which describes and claims a method and system for automatically powering down a device if no other devices are connected to it via ethernet. The '181 Patent is registered to Avago. *See* Exhibit B.

c)      EP 1,931,052 ("EP '052 Patent") which describes and claims a method and system for using one low noise amplifier to receive two signals, each using a different wireless protocol. Hereafter, all patents will collectively be referred to as "the Asserted Patents." The EP '052 Patent is registered to Avago. *See* Exhibit C.

13.      Broadcom and Avago have alleged, among other things, that Applicants infringe:

a)      claims 1 and 8 of the EP '531 Patent through their use of Texas Instruments and Imagination Technologies' PowerVR SGX544 Graphical Processing Unit (GPU) as a component in BMW's head units;

b)      claim 1 of the EP '181 Patent through their use of Microchip's (formerly Micrel's) Ethernet Switch KSZ8864RMNU as a component in BMW's head units; and

c)      claims 11, 12, 13 and 14 of the EP '052 Patent through their use of Marvell's Wifi/Bluetooth Avastar System-on-a-Chip 88W8787 as a component in BMW's head units.

14.      Due to said alleged infringement, Broadcom and Avago brought patent infringement actions against Applicants (collectively, "the German Infringement Actions"). Broadcom brought a patent infringement action against Applicants in the Mannheim Regional Court in Germany for infringing the EP '531 Patent on February 12, 2019, *Broadcom Corp. v. Bayerische Motoren Werke Aktiengesellschaft*, No. 7 O 14/19. And Avago brought patent infringement actions against

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action No. _____

1    Applicants, in the Mannheim Regional Court in Germany for infringing the EP '181 Patent on July

2    19, 2019, *Avago Technologies International Sales Pte. Ltd. v. Bayerische Motoren Werke*

3    *Aktiengesellschaft* , No. 7 O 83/19, and in the Hamburg Regional Court in Germany for infringing

4    the EP '052 Patent on August 2, 2019, *Avago Technologies International Sales Pte. Ltd. v.*

5    *Bayerische Motoren Werke Aktiengesellschaft* , No. 327 O 272/19. In each action, Broadcom or

6    Avago is seeking that Applicants by injunctive relief forego any further infringing actions, the recall

7    of the infringing devices that have been sold, the destruction of the infringing devices in the

8    possession of Applicants, the provision of information regarding the distribution chain, a rendering

9    of accounts, and a finding that Applicants are liable for damages.

10         15.    In response to the German Infringement Actions, BMW AG brought and intends to

11    bring nullity actions against Broadcom and Avago in the German Federal Patent Court in Munich,

12    Germany, through which BMW AG seeks to invalidate the German parts of the Asserted Patents.

13    For the EP '531 Patent BMW AG brought a nullity action on July 29, 2019, *BMW AG v. Broadcom*

14    *Corporation.,* No. 7 Ni 81/19. For the EP '181 Patent, BMW AG intends to file a nullity action

15    against Avago Technologies International Sales Pte. Limited later this year. For the EP '052 Patent,

16    BMW AG intends to file a nullity action against Avago Technologies International Sales Pte.

17    Limited later this year. All nullity proceedings are collectively referred to herein as the "German

18    Nullity Proceedings." The German Infringement Proceedings and the German Nullity Proceedings

19    are referred to collectively as the "German Proceedings").

20         16.    Based on information and belief, I understand that Broadcom and Avago brought

21    further infringement actions based on the Asserted Patents:

22         17.    With regard to the EP '531 Patent Broadcom brought infringement actions against

23    AUDI AG, No. 7 O 190/17, against Volkswagen AG, No. 7 O 191/17, against Nintendo of Europe

24    GmbH, No. 7 O 62/18, and against Daimler AG and Mercedes-Benz Leasing GmbH, No. 7 O 16/19,

25    in the Mannheim Regional Court in Germany. In response to these infringement actions, nullity

26    actions were brought by AUDI AG and Volkswagen AG, No. 2 Ni 7/18, by Harman Becker

27    Automotive Systems GmbH, No. 7 Ni 28/19, and by NVIDIA Ltd., No. 7 Ni 35/19, in the German

28

5

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action No. _____

1   Federal Patent Court in Munich, Germany. Daimler AG joined the nullity action of Harman Becker

2   Automotive Systems GmbH.

3       18.     With regard to the EP '181 Patent, Avago also brought an infringement action against

4   Daimler AG and Mercedes-Benz Leasing GmbH, No. 7 O 33/19, in the Mannheim Regional Court

5   in Germany. In response to this infringement action, a nullity action was brought by Daimler AG in

6   the German Federal Patent Court in Munich, Germany.

7       19.     With regard to the EP '052 Patent, Avago also brought infringement actions against

8   Volkswagen AG and AUDI AG, No. 2 O 167/17, in the Mannheim Regional Court and against

9   Daimler AG and Mercedes-Benz Leasing GmbH, No. 327 O 266/19, in the Hamburg Regional Court

10  in Germany. In response, a nullity action was brought by Harman Becker Automotive Systems

11  GmbH, No. 6 Ni 14/18, in the German Federal Patent Court in Munich, Germany.

12      20.     With regard to the EP '531 Patent, Applicants filed their statement of defense on July

13  29, 2019. When applying the broad claim interpretation of Broadcom, the EP '531 Patent may be

14  read on all GPUs with programmable shaders that use at least some parallelization. Thus, the

15  Applicants defended against the alleged infringement *inter alia* by raising the objection of

16  exhaustion. Under the claim interpretation of Broadcom, the EP '531 Patent may be read on the

17  OpenGL ES Standard which was developed by the Khronos Group and which, to my knowledge, is

18  implemented by the attacked PowerVR SGX544 GPU. To my knowledge, Broadcom as well as the

19  designer, Imagination Technologies Ltd., and the manufacturer, Texas Instruments Inc., of the

20  attacked PowerVR SGX544 GPU are members of the Khronos Group. According to Applicants'

21  understanding of the Khronos Group Membership Agreement, the Members of the Khronos Group

22  grant each other a reciprocal license under any of their patent claims that are necessarily infringed by

23  components compliant with the OpenGL ES Standard. Applicants also argue that Broadcom abuses

24  its dominant market position by enforcing the EP '531 Patents against the Applicants.

25      21.     With regard to the nullity action brought by BMW AG against the EP '531 Patent, it

26  seems likely that the EP '531 Patent will be fully revoked in light of the prior art PixelFlow system

27  and in light of the pre-used RIVA TNT and Voodoo$^2$ chip sets cited in the BMW AG nullity action.

28

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action No. _____

The PixelFlow system is *inter alia* described by prior art documents *Eyles, J., et al.: „PixelFlow: The Realization"*, *Lastra, A. et al.: „Real-Time Programmable Shading"*, and US 5,481,669, wherein each of these prior art documents in my view anticipates the claimed subject-matter of the EP '531 Patent. In addition, the claimed subject-matter is in my view anticipated by the pre-used Voodoo$^2$ chip described in several pre-published articles of computer-related journals. Finally, the subject-matter of the EP '531 patent is in my view anticipated by the pre-used RIVA TNT chip. The functionality of said chip is *inter alia* described in articles of computer-related journals and chip specifications. The nullity actions brought by AUDI AG and Volkswagen AG, by Harman Becker Automotive Systems GmbH, and by NVIDIA Ltd, were also based on the prior art PixelFlow system and the pre-used RIVA TNT and Voodoo$^2$ chip sets. Importantly, both the infringement actions against Nintendo of Europe GmbH and against Applicants have been stayed because the Mannheim Regional Court considered the RIVA TNT chip to be novelty-destroying for the subject-matter of the EP '531 Patent with a high likelihood.

22.     With regard to the EP '181 Patent, Avago alleges that the Ethernet Switch KSZ8864RMNU used as a component in some of BMW's head units infringes the EP '181 Patent. One of the aspects addressed by the EP '181 Patent is the auto pair select function that allegedly reads on the so-called "Auto MDI-X-function" of the IEEE 802.3 Ethernet standard family. Hence, the EP '181 Patent could be standard-essential or at least standard-relevant. To my knowledge, Broadcom is a member of the IEEE 802.3 Working Group and not all information of the standardization process of the IEEE 802.3 family is publicly available. Further, the EP '181 Patent claims priority of U.S. Provisional application 60/224,846 dated August 11, 2000. The priority document comprises a specification of Broadcom's Gigabit Ethernet transceiver BCM5411. However, according to the revision history of the specification of the BCM5411 chip, it was already released on August 4, 2000, i.e. it appears that the specification of the BCM5411 chip was publicly available before the priority date of the EP '181 Patent and may thus be novelty destroying prior art for the EP '181 Patent. In addition, according to the nullity action brought by Daimler AG, the subject-matter of asserted independent claim 1 of the EP '181 Patent is rendered obvious by the prior

art document WO 99/50805 combined with prior art document US 5,923,663 or prior art document

US 6,175,865. Further, according to the nullity action of Daimler AG, the subject-matter of

independent claim 1 of the EP '181 Patent is also rendered obvious by prior art document US

6,175,865 in combination with the common general knowledge of a person skilled in the art.

Furthermore, it is questionable whether Avago has standing to sue in Germany with respect to the

German part of the EP '181 Patent. The initial proprietor of the EP '181 Patent was Broadcom.

Then, the EP '181 Patent was transferred to Avago Technologies General IP (Singapore) Pte. Ltd.

According to the infringement action brought by Avago, Avago Technologies General IP

(Singapore) Pte. Ltd was later on merged with Avago under Singaporean law.

23.     With regard to the EP '052 Patent, it is questionable whether Avago has standing to

sue in Germany with respect to the German part of the EP '052 Patent. The initial proprietor of the

EP '052 Patent was Broadcom. According to the infringement action brought by Avago, the EP '052

Patent was transferred to Avago Technologies General IP (Singapore) Pte. Ltd. which was later on

merged with Avago under Singaporean law. With regard to the details of the merger of Avago

Technologies General IP (Singapore) Pte. Ltd. and Avago, Avago only makes reference to the court

files of infringement actions brought by Avago against Netflix Inc. and Netflix International B.V.,

No. 7 O 58/18 and No. 7 O 59/18, with the Mannheim Regional Court, Germany. The Applicants

filed a request for access to these court files as far as the standing to sue of Avago is concerned,

which was recently granted in part. According to the nullity action filed against the EP '052 Patent

by Harman Becker Automotive Systems GmbH, the subject-matter of independent claims 1 and 11

is anticipated by each of US 6,917,815 B2, US 2006/0063493 Al, and US 2005/0070325 A1.

Furthermore, Harman Becker Automotive Systems GmbH argues that the subject-matter of

independent claims 1 and 11 of the EP '052 Patent is rendered obvious in light of US 2006/0252403

Al combined with WO 2004/036777 and in light of US 6,657,491 B2.

## SECTION 1782 APPLICATION

24.     I have reviewed the discovery that Applicants seek through their § 1782 Application.

I believe that the discovery will materially assist the German courts in adjudicating the dispute

between the parties. This discovery has not been produced in the German Proceedings. The discovery Applicants seek is relevant to:

> a) settlement and license agreements for the Asserted Patents and their international counterparts (which pertain to defenses to infringement and damages);
>
> b) standard-essentiality analyses related to the Asserted Patents and the relationship between the Asserted Patents and OpenGL ES and IEEE 802.3 (which pertain to defenses to infringement and damages);
>
> c) invention, assignment, and prosecution history for the Asserted Patents and their international counterparts (which pertains to defenses to infringement);
>
> d) internal communications relating to this suit and related suits against Volkswagen and Daimler (which pertain to defenses to infringement);
>
> e) information related to Broadcom's standing to sue with Netflix (which pertains to Broadcom and Avago's standing in the German Proceedings); and
>
> f) information relating to meetings, phone calls and written conversation of Broadcom's CEO, Hock Tan, with BMW's senior vice president Dr. Christoph Grote, including prep materials (which pertain to a potential abuse of a dominant market position).

## AUTHORITY OF THE GERMAN COURT

25. Germany is a civil law country where the concept of discovery and/or document production does not exist under procedural law as in the US system as a common law system. Furthermore, under German law, the German Court does not have authority to compel a foreign national residing and/or located outside Germany to appear in a German court to provide testimony.

26. Thus, the German Court cannot compel Broadcom or Avago to produce the documents identified in Applicants' proposed discovery requests, even though those documents are directly relevant and material to the issues raised in the German Proceedings, as this US court can. The German Court can only request the submission of documents specifically identified or referred

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action No. _____

1  to by a party of the German Proceedings, and does not have the authority to investigate, or to order

2  the investigation of facts or documents not already specified by the parties to the action.

3  **RECEPTIVITY OF THE GERMAN COURT TO EVIDENCE PROCURED**

4  **THROUGH U.S. ASSISTANCE**

5        27.     While the German Court cannot itself order discovery through § 1782, it will

6  nevertheless be receptive to evidence obtained through § 1782 proceedings in the United States.

7  Under German law, any documents obtained in a U.S. Application pursuant to 28 U.S.C. § 1782 can

8  be formally introduced into the German Proceedings by offer of proof, and the German Court

9  would—without prejudice to its decision about the admission and consideration of the particular

10  document introduced according to general German rules regarding the admissibility of evidence—

11  accept such offer of proof. Moreover any transcript of sworn testimony given under oath, such as a

12  U.S. deposition of the type requested by Applicants, can be formally introduced into the German

13  Proceedings by offer of proof of the document, and the German court would—without prejudice to

14  its decision about the admission and consideration of the particular document introduced as evidence

15  according to general German rules regarding the admissibility of evidence—accept such offer of

16  proof.

17        28.     Specifically, due to the constitutional right of access to the courts according to Art.

18  103 ¶ 1 of the German Basic Law, and the obligation to investigate the facts of the case to the extent

19  possible (and necessary) according to Section 286 ¶ 1 of the German Code of Civil Procedure,

20  German courts generally have to take into consideration all evidence submitted into the proceedings

21  (Federal Supreme Court, decision of 19 June 2002, NJOZ, 2002, 2019 *et seq.).* While there is to my

22  knowledge no German Federal Supreme Court decision addressing the issue of § 1782 discovery

23  specifically, the Federal Supreme Court has confirmed that the enforcement of a U.S. judgment in

24  Germany is not precluded due to it being based on evidence obtained in pre-trial discovery

25  proceedings in the United States (Federal Supreme Court, decision of 4 June 1992, NJW 1992, 3096,

26  3099, holding that the reliance on evidence obtained through discovery does not violate German

27  public order). This holding has been interpreted in German literature as supporting the submission of

28

10       DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
     APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
     Misc. Action No. _____

1   evidence obtained under Section 1782 discovery proceedings. Once submitted in the German

2   Proceedings, the court will then consider the documents or testimony. *See, e.g., Schönknecht,*

3   Beweisbeschaffung in den USA zur Verwendung in deutschen Verfahren, GRURint 2011, 1000,

4   1007 with reference to *Eschenfelder*, Verwertbarkeit von Discovery-Ergebnissen in deutschen

5   Zivilverfahren, RIW 2006, 443,447; *see also Müller-Stoy,* Grundzüge des U.S.-amerikanischen

6   Patentverletzungsverfahrens, GRUR Int. 2005, 558, 563). Furthermore, there is no law, rule of

7   evidence, or rule of procedure in the German Proceedings that prohibits a party from seeking

8   discovery pursuant to § 1782, and then using any evidence obtained through a § 1782 application in

9   German court proceedings.

10        29.      As the German Court would accept the formal introduction of the requested

11  documents and testimony by offer of proof, the ordering of such discovery by a court in the United

12  States would not offend the German court or violate any order of such court.

13        30.      As explained above, German courts will accept submissions relying on evidence

14  obtained in § 1782 proceedings and treat them as evidence in German court proceedings. I am not

15  aware of any court decision prohibiting to use information and documents, such as license

16  agreements, that were obtained under discovery proceedings under 28 U.S.C. § 1782 in German

17  patent infringement proceedings, although discovery proceedings under 28 U.S.C. § 1782 for use in

18  German patent infringement proceedings occur from time to time.

19

20        I declare under penalty of perjury under the laws of the United States of America that the

21  foregoing is true and correct.

22

23

24

25

26

27

28

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action No. _____

1      Executed this 1 day of November 2019, at Munich, Germany.

2

3

4

5

6                            Prof. Dr. Tilman Müller-Stoy

7                            Attorney at law

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TILMAN MÜLLER-STOY ISO *EX PARTE*
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)
Misc. Action. No. _____