UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF BAYERISCHE MOTOREN WERKE AG AND BMW BANK GMBH,<br><br>Applicants. | Case No. 19-mc-80272-VKD<br><br>**ORDER RE EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicants Bayerische Motoren Werke AG ("BMW AG") and BMW Bank GmbH ("BMW Bank") (collectively "BMW") have filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas for documents and deposition testimony on five entities: (1) Broadcom Corporation, (2) Broadcom Inc., (3) Broadcom Technologies Inc., and (4) Avago Technologies Ltd.[1] Dkt. Nos. 1, 8. BMW says it requires this discovery for use in connection with patent litigation proceedings in Germany.

The Court grants the application without prejudice to any subpoena recipient filing a motion to quash or to modify a subpoena or a motion for a protective order.

I. **BACKGROUND**

According to the application, BMW AG is a well-known innovator and manufacturer of premium automobiles and motorcycles, headquartered in Germany. Dkt. No. 1 at 4. BMW Bank is a wholly owned subsidiary of BMW AG. *Id*. Broadcom Corporation designs, develops, manufactures, and supplies semiconductor products. Dkt. No. 2 ¶ 7. It is a party to some of the German proceedings. Dkt. No. 1 at 12. Broadcom Inc. is Broadcom Corporation's parent

---

[1] BMW originally sought discovery of Avago Tech, but has since withdrawn that request. Dkt. No. 8 n.1.

company. *Id.* Broadcom Technologies Inc. is the parent company of Avago Technologies International Sales Pte. Ltd., a Singapore entity that is not a target of BMW's proposed subpoenas but is a party to some of the German proceedings. *Id.* Avago Technologies Ltd. is "a Singapore entity with a principle place of business . . . in San Jose, California." *Id.* at 10. Its specific connection to the other entities named in the application is unclear. BMW generally asserts that the Avago and Broadcom entities are part of the "same corporate family." *Id.* at 4.

Broadcom Corporation and Avago Technologies International Sales Pte. Ltd. have filed three actions between them against BMW AG and BMW Bank in Regional Courts in Mannheim and Hamburg, Germany, asserting infringement of three patents. Dkt. No. 1 at 4-5; Dkt. No. 2 ¶¶ 5, 12-14. In response, BMW AG has filed a nullity action in the Federal Patent Court in Germany, seeking to invalidate one of the three patents, and intends to file additional nullity actions to invalidate the other two. Dkt. No. 1 at 5; Dkt. No. 2 ¶ 15.

BMW seeks permission to serve identical document and deposition subpoenas on each of the four entities named in the application, regarding the following categories of information:

1) Broadcom's and Avago's[2] previous agreements involving the three asserted patents and certain standard essential patents;
2) Standard-essentiality information related to the asserted patents
3) Broadcom's and Avago's procurement of the asserted patents and their standing to assert them;
4) Broadcom's and Avago's conception, reduction to practice, and use of technology embodying the asserted patents;
5) Technical documentation and analysis regarding the allegedly infringing BMW products; and
6) Broadcom CEO Hock Tan's preparation information for his meetings with BMW's Senior Vice President Dr. Christoph Grote.

---

[2] The application refers to the proposed subpoena recipients collectively as "Broadcom" and "Avago." Dkt. No. 1 at 1.

2

Dkt. No. 1 at 6-7. BMW contends that the information it seeks is relevant to the infringement proceedings and/or the nullity proceedings. Its application is supported by the declarations of Tilman Müller-Stoy, a German attorney, and Lionel Lavenue, counsel of record for BMW in this action. Dkt. Nos. 2, 3.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Id.* at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. In exercising that discretion, the court may consider several factors including:

(1) whether the person from whom discovery is sought is a participant in the foreign proceeding;

(2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;

(3) whether the discovery request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and

(4) whether the discovery requested is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information

3

sought would be discoverable under the governing law in the foreign proceeding or that U.S. law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

BMW's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, BMW seeks discovery from entities who reside or may be found in this district. According to the application, Broadcom Corporation, Broadcom Inc., and Broadcom Technologies Inc. are headquartered in San Jose, California. Avago Technologies Ltd. maintains a place of business in San Jose, California.[3]

Second, BMW requests this discovery for use in proceedings before multiple foreign tribunals, specifically, the patent infringement and/or nullity proceedings pending and anticipated

---

[3] Avago Technologies Ltd. is a Singapore company. While BMW offers evidence that Avago Technologies Ltd. maintains a place of business in San Jose, California, other evidence suggests that only its U.S. subsidiaries may be located in San Jose. *Compare* Dkt. No. 3, App. 9, 10 *with id.*, App. 11.

4

to be filed in the German Regional Courts and the German Federal Patent Courts. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation).

Third, BMW AG and BMW Bank are interested persons within the meaning of the statute. Both are parties to the three German patent infringement actions. BMW AG is a party to one pending nullity proceeding and it anticipates filing two additional nullity proceedings.

### B. *Intel* Factors

Even if the Court has the authority to grant BMW's § 1782 application, the Court is not required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court's discretion is guided by consideration of a non-exhaustive list of additional factors identified in *Intel*.

#### 1. Participation of Subpoena Recipients in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568 at *3 (internal quotations and citation omitted).

According to the application, one of the subpoena recipients, Broadcom Corporation, is a party to one of the pending patent infringement actions and to the pending nullity action, so it is subject to the discovery procedures available in the German courts in those matters. Dkt. No. 2 ¶¶ 14, 15. The other three entities are not parties to any of the pending or anticipated proceedings, although they are said to be affiliated with parties to those proceedings. BMW contends that the early discovery it seeks cannot be obtained using procedures of the German courts, even if the entities from whom it seeks discovery are considered parties to the German proceedings. *Id.* ¶¶ 25-26; *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (describing limits on discovery available in German courts).

The Court concludes that this factor is at least neutral with respect to whether BMW should be permitted to serve the subpoenas.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568 at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, BMW represents that German courts have been receptive in other matters to assistance in discovery from the United States. *See* Dkt. No. 2 ¶¶ 27-30. In the absence of evidence that German courts would object to BMW's discovery of the information sought in the subpoenas, or that they object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoenas.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether BMW's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568 at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)).

Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

BMW represents that no restrictions or policies of German law limit the gathering of the evidence BMW seeks here, and that German courts will accept discovery obtained through U.S. discovery procedures. Dkt. No. 1 at 15-16; Dkt. No. 2 ¶¶ 27-30. In the absence of contrary information, the Court concludes that this factor also weighs in favor of authorizing service of the subpoenas.

### 4. Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

BMW's proposed document subpoenas include 21 separate requests for production. Dkt. No. 1, Ex. B. Most of the requests are drafted using broad language, such as "documents and communications relating to . . . ," and many appear likely to encompass privileged material. The proposed deposition subpoenas include 20 topics that largely parallel the requests for production. *Id.*, Ex. C. The Court is concerned that some of the discovery BMW seeks may be unduly burdensome or otherwise inconsistent with the requirements of Rule 26 of the Federal Rules of Civil Procedure. The broad scope of the proposed discovery weighs somewhat against authorizing service of the subpoenas. However, as it is clear that at least some of the discovery is likely to be relevant to the matters before the German courts, the Court concludes that these Rule 26 concerns can be addressed most effectively following service of the subpoenas. *See Heraeus Kulzer,* 633 F.3d at 597-98.

The Court concludes that on balance the discretionary *Intel* factors weigh in favor of granting BMW's application as to BMW's proposed document and deposition subpoenas.

7

## IV. CONCLUSION

The Court grant's BMW's application and authorizes service of the subpoenas on (1) Broadcom Corporation, (2) Broadcom Inc., (3) Broadcom Technologies Inc., and (4) Avago Technologies Ltd. in substantially the same form attached as Exhibits B and C to the application. BMW must serve a copy of this order at the same time it serves the subpoenas and must file proof of that service.

This order does not foreclose a motion to quash or further modify the subpoenas by any of the subpoena recipients or a motion for a protective order to regulate the use of any documents or information that is produced. The parties must confer and attempt to resolve any dispute about the discovery before seeking relief from the Court.[4]

**IT IS SO ORDERED.**

Dated: November 13, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[4] In this matter, the Court encourages (but will not require) the parties to submit any disputes regarding the discovery sought via these subpoenas using the Court's expedited discovery dispute resolution procedures. https://cand.uscourts.gov/filelibrary/3438/Standing-Order-for-Civil-Cases-November-2019.pdf

8