UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF BAYERISCHE MOTOREN WERKE AG and BMW BANK GMBH,<br><br>Applicants. | Case No. 19-mc-80272-VKD<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Dkt. No. 24 |

Applicants Bayerische Motoren Werke AG ("BMW AG") and BMW Bank GmbH ("BMW Bank") (collectively "BMW") and respondents Broadcom Corporation, Broadcom Inc., and Broadcom Technologies Inc. (collectively "Broadcom") ask the Court to resolve a dispute concerning BMW's subpoenas for the production of documents from Broadcom pursuant to this Court's order authorizing discovery under 28 U.S.C. § 1782. Dkt. Nos. 11, 24.

For the reasons explained below, the Court denies BMW's motion to compel production of documents responsive to Request No. 1 as moot, and denies BMW's motion to compel production of documents responsive to Requests Nos. 2 and 21 because the documents are not relevant to any claim or defense.

**I.     BACKGROUND**

This dispute concerns the following three document requests BMW directed to Broadcom:

Request No. 1: Agreements, licenses, contracts, settlements, or proposals, including attachments or exhibits to those documents, relating to the Asserted Patents[1] or the technology described in the Asserted Patents.

---

[1] "Asserted Patents" is defined in the document requests as EP 1 316 181, EP 1 931 052, and/or EP 1 177 531 and their related applications. Dkt. No. 24-1 at 2.

>Request No. 2: Documents and communications discussing the substance of Broadcom's or Avago's licensing of or attempts to license the Asserted Patents.
>
>Request No. 21: Agreements, licenses, contracts, or proposals, including attachments or exhibits to those documents, relating to Broadcom's or Avago's standard essential patents (SEPs) or the technology described in SEPs entered into since January 1998.

Dkt. No. 24-1 at 2, 8. BMW says that it has agreed to limit Requests Nos. 1 and 2 to the agreements and communications regarding the asserted patents, and to limit Request No. 21 to licenses and proposals involving any of a list of seven standards. Dkt. No. 24 at 5, 7.

## II. LEGAL STANDARD

Discovery in this matter is governed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994) (unless district court orders otherwise, discovery must be obtained in accordance with the Federal Rules of Civil Procedure); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594, 597 (7th Cir. 2011) (applicant may obtain discovery as if matter had been brought in domestic court).

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

### A. Request No. 1

The dispute concerning Request No. 1 appears to be resolved. Broadcom represents that there are four license agreements that include the asserted patents. It has produced three of them to BMW and is attempting to resolve third party Volkswagen AG's objections to production of the fourth license. Dkt. No. 24 at 9-10. The Court orders nothing further at this time.[2]

---

[2] The Court notes that Volkswagen AG has not filed a motion or discovery dispute letter with the Court, as it indicated it would if its objections were not addressed. Dkt. No. 24 at 13.

**B.     Request No. 2**

The parties dispute whether Broadcom should be required to produce communications with third parties regarding licensing of the asserted patents. BMW argues that Broadcom's efforts to license the asserted patents, and not just the completed license agreements, are relevant to claims or defenses raised in the German court proceedings for which the discovery is sought—specifically, damages, abuse of dominant market position, commercial success as it relates to invalidity/nullity, and claim scope as it relates to infringement. Broadcom characterizes Request No. 2 as a demand for settlement communications with third parties and argues that these communications are not relevant to any claim or defense.

Broadcom's principle objection is that the German court proceedings do not involve any damages claims. BMW does not dispute Broadcom's description of the state of the German court proceedings. In these circumstances, BMW's efforts to obtain discovery of licensing/settlement communications regarding the asserted patents are premature to the extent that discovery concerns damages. *See Siemens AG v. W. Digital Corp.*, No. 8:13-CV-01407-CAS, 2013 WL 5947973, at *4 (C.D. Cal. Nov. 4, 2013) (denying request for damages discovery where only liability at issue in German tribunal); *In re Lufthansa Technik AG,* C11-1386-JCC, Dkt. No. 21 (W.D. Wash. 2011) (same).

Broadcom also objects that the asserted patents are not standard essential patents ("SEPs"). BMW acknowledges that none of the asserted patents has been declared (by Broadcom or any other entity) essential to any standard, but argues that it likely that all three are SEPs. The parties dispute whether BMW has asserted a defense that Broadcom has abused its dominant market position by refusing to license the asserted patents on fair, reasonable, and non-discriminatory terms and that such failure violates Broadcom's obligations under German law. The Court is unable to resolve this dispute on the record before it. However, BMW has an obligation to demonstrate that the discovery it seeks is relevant to a claim or defense in the German court proceedings, and it has not done so. Accordingly, the Court finds that discovery of Broadcom's licensing/settlement communications regarding the asserted patents cannot be justified by reference to the purported standards essentiality of the asserted patents and associated abuse of

3

dominant market position by Broadcom.

This leaves BMW's arguments that Broadcom's licensing/settlement communications regarding the asserted patents are relevant to claims of invalidity/nullity and infringement, which are at issue in the German court proceedings.

With respect to invalidity/nullity, BMW says that such communications bear on the commercial success of the asserted patents, which is relevant to evaluation of the "inventive step" requirement for patentability. According to the current Guidelines for Examination in the European Patent Office,

> [c]ommercial success alone is not to be regarded as indicative of inventive step, but evidence of immediate commercial success when coupled with evidence of a long-felt want is of relevance provided the examiner is satisfied that the success derives from the technical features of the invention and not from other influences (e.g. selling techniques or advertising).

*See* https://www.epo.org/law-practice/legal-texts/html/guidelines/e/g_vii_10_3.htm. Broadcom argues that neither party has raised any arguments about commercial success in the German nullity proceedings, but it is not clear to the Court that either party would have been required to raise such arguments at this level of granularity at this stage of the proceedings. BMW argues that the communications it seeks are relevant because they evidence Broadcom's commercial success. This argument, made at a high level of generality, is not particularly helpful to the Court's resolution of the dispute. Moreover, the Court questions whether the communications BMW seeks (as opposed to actual licenses) meaningfully inform an evaluation of the commercial success of the patented inventions. The Court has not identified, and BMW has not cited, any authority for the proposition that such communications are relevant to the question of commercial success. *Cf. Audio MPEG, Inc. v. Dell, Inc.*, Nos. 2:15cv73, 2:16cv82, 2017 WL 4460759, at *4 (E.D. Va. Oct. 6, 2017) (finding *licenses* relevant to secondary considerations of non-obviousness). BMW relies generally on *Implicit Networks, Inc. v. Juniper Networks, Inc.* and *In re MTSG, Inc.* which permitted discovery of licensing and settlement communications. Those cases are distinguishable, as both address the discoverability of licensing or settlement communications in the context of a claim for damages, where the party opposing discovery put the communications directly at issue.

4

*See Implicit Networks,* No. C 10-04234 SI, 2012 U.S. Dist. LEXIS 103884, at *3 (N.D. Cal. July 23, 2012); *In re MTSG*, 675 F.3d 1337, 1348 (Fed. Cir. 2012).[3] Here, damages are not yet at issue, and nothing in the record suggests that Broadcom has otherwise put its licensing/settlement communications at issue. For these reasons, the Court finds BMW has not shown that discovery of Broadcom's licensing/settlement communications is relevant to the question of invalidity/nullity of the asserted patents in this case.

With respect to infringement, BMW says that the communications it seeks are relevant because they may include discussions of claim scope of the asserted patents, which may be relevant to questions of infringement. As an initial matter, the Court suspects that infringement of an EP patent requires an analysis of whether the patent's claims read on an accused instrumentality, and that extrinsic information reflecting agreements or disagreements between parties to a license for the patent about the scope of the claims is likely to be irrelevant to the German courts' analysis of the question of infringement. In any event, BMW has provided the Court with no support for it claim that licensing or settlement communication that refer to claim scope are relevant to issues of infringement in the German court proceedings. As it is BMW's obligation to make that showing, the Court concludes that its failure to do so defeats its request for discovery of this information.

**Request No. 21**

The Court has already determined that discovery relating to damages and abuse of dominant market position is not relevant to any claim or defense presently at issue in the German court proceedings. The Court is not otherwise persuaded that the parties apparent settlement communications, which are asserted to have referenced seven standards, justifies discovery of all SEP licenses or proposals to license SEPs relating to these seven standards.

---

[3] BMW also cites *Koninklijke Philips N.V. v. Wangs Alliance Corp.*, No. 14-12298-DJC, 2018 WL 283893, at *5 (D. Mass. Jan. 2, 2018) for the proposition that licensing correspondence is relevant to infringement and invalidity. As Broadcom observes, the discovery requests at issue in *Koninklijke Philips* were narrower than what BMW seeks here. Moreover, because the decision includes very little discussion of the basis for the conclusion reached, it is not terribly persuasive.

5

## IV. CONCLUSION

The Court denies BMW's motion to compel production of documents responsive to Request No. 1, as moot, and Requests Nos. 2 and 21.

**IT IS SO ORDERED.**

Dated: April 2, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge