UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF BAYERISCHE MOTOREN WERKE AG and BMW BANK GMBH,<br><br>Applicants. | Case No. 19-mc-80272-VKD<br><br>**ORDER RE DISCOVERY DISPUTE RE BROADCOM'S PRIVILEGE CLAIMS**<br><br>Re: Dkt. No. 28 |

Applicants Bayerische Motoren Werke AG ("BMW AG") and BMW Bank GmbH ("BMW Bank") (collectively "BMW") and respondents Broadcom Corporation, Broadcom Inc., and Broadcom Technologies Inc. (collectively "Broadcom") ask the Court to resolve a dispute concerning Broadcom's allege failure to adequately assert privileges or protections that may apply with respect documents responsive to BMW's subpoenas issued pursuant to this Court's order authorizing discovery under 28 U.S.C. § 1782. Dkt. Nos. 11, 28.

For the reasons explained below, the Court denies BMW's request that the Court find Broadcom has waived privilege as to any particular document or category of documents, and orders further proceedings.

**I. BACKGROUND**

In response to several of BMW's document requests, Broadcom asserted an objection that the request seeks privileged material. Dkt. No. 28-2 (Responses to Requests Nos. 1-18, 20-21). The parties report that during the course of their discussions, they agreed that Broadcom need not search for documents of "privileged custodians" or in "privileged repositories" and, therefore, those materials need not be identified in a privilege log. *See* Dkt. No. 28 at 7, 11-12.

On March 19, 2020, Broadcom apparently served BMW with a privilege log containing a

1 single entry relating to patent prosecution. *Id*. at 3, 7 n.1. According to BMW, even considering the parties' agreement excluding privileged custodians and repositories from the search, Broadcom's claim to have located only a single privileged document suggests either that Broadcom has not conducted a diligent search for responsive documents or that it has failed to preserve its privilege claims. *Id.* at 1, 7. In particular, BMW argues that Request No. 14 should have resulted in a production of non-privileged, responsive documents from Broadcom's CEO, Hock Tan, or a number of entries on Broadcom's privilege log. *Id.* at 4-5.

Broadcom responds that it timely objected to Request No. 14 as seeking documents that are not relevant to a claim or defense, and that it has no obligation to log privileged documents that are not discoverable in the first instance. *Id.* at 8-10. Broadcom also contends that BMW's challenge to Broadcom's relevance objections are untimely for failure to comply with this Court's Standing Order. *Id.* at 10.

## II. LEGAL STANDARD

Discovery in this matter is governed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994) (unless district court orders otherwise, discovery must be obtained in accordance with the Federal Rules of Civil Procedure); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594, 597 (7th Cir. 2011) (applicant may obtain discovery as if matter had been brought in domestic court).

A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A responding party bears the burden of establishing that responsive documents withheld from production are protected from disclosure by the attorney-client privilege, work product protection, or other applicable privilege. *See*, *e.g.*, *U.S. v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009) (citing eight-part test under federal common law for assertions of attorney-client

2

privilege).

## III. DISCUSSION

### A. Relevance

As noted above, Broadcom contends that BMW waived its challenge to Broadcom's relevance objection by not timely seeking relief from the Court. It is not clear from the record before the Court (and may not have been clear to BMW) whether in the parties' prior discussions Broadcom relied on relevance objections, privilege objections, or both in resisting production of documents responsive to Request No. 14 and/or a privilege log. Accordingly, the Court will first consider the threshold question of whether BMW's Request No. 14 seeks documents relevant to a claim or defense.

Request No. 14 asks for:

> Documents and communications discussing the substance of any meetings, correspondence, or communication between Broadcom's CEO, Hock Tan, and BMW's senior vice president Dr. Christoph Grote, including any internal communications, notes, preparatory notes, follow-up notes, presentations, meeting minutes, proposals, documents, or other materials prepared by Broadcom or Avago in relation to any meetings, telephone calls correspondence, or communication with Dr. Grote.

Dkt. No. 28-1 at 6. In its written responses, Broadcom made several objections to this request, including relevance and privilege. Specifically, Broadcom objected to the request "on the ground that it does not seek information relevant to the claims and defenses in the underlying German proceedings, and instead improperly and expressly seeks only its litigation adversary's privileged communications related to ligation strategy and settlement strategy for the sole purpose of gaining an advantage in litigation and settlement discussions." Dkt. No. 28-2 at 20.

In the parties' joint submission, BMW argues that Request No. 14 seeks documents prepared by Mr. Tan or exchanged between him and non-lawyers "discussing the substance of any meetings, correspondence, or communication between" Mr. Tan and Dr. Grote. Dkt. No. 28 at 4. BMW contends that it is "unbelievable" that neither Mr. Tan nor any of Broadcom's other non-lawyer custodians analyzed the value, infringement, or validity of the asserted patents in connection with Broadcom's efforts to assert or license its patents in connection with such

3

meetings or communications. *Id.* at 7. In response, Broadcom does not directly address whether Mr. Tan or other non-lawyer custodians have any responsive documents that (i) discuss the substance of any meetings, correspondence, or communication between Mr. Tan and Dr. Grote, and (ii) relate to the value, infringement, or validity of the asserted patents. It simply asserts that Request No. 14 seeks information that is irrelevant or otherwise not discoverable. *Id.* at 8-9.

In resolving the parties' prior discovery dispute concerning BMW's Requests Nos. 1, 2, and 21, the Court concluded that BMW's requests for licensing or settlement communications and documents concerning Broadcom's alleged abuse of dominant market position were directed to matters not presently at issue in the German court proceedings, and the Court denied BMW's motion to compel Broadcom to produce responsive documents regarding those matters. *See* Dkt. No. 29. For the reasons explained in the Court's prior order, to the extent BMW seeks internal communications discussing Broadcom's valuation of the asserted patents, those documents are not relevant to any claim or defense presently at issue in the German court proceedings. However, Request No. 14 is not limited to damages-related documents. The request appears to encompass internal Broadcom communications and other documents that discuss infringement or validity of the asserted patents, and those matters are at issue in the German court proceedings.

Broadcom seems to argue that such documents are not relevant because they concern "a mid-litigation settlement meeting with BMW," but it offers no explanation for why this context renders the documents undiscoverable. While the Court has rejected BMW's efforts to compel discovery of Broadcom's licensing or settlement communications with others, *see* Dkt. No. 29, Request No. 14 purportedly is directed to materials that concern Broadcom's infringement claims against BMW and the validity of the asserted patents. Broadcom does not rely on Federal Rule of Evidence 408 to oppose this discovery, and it cites no authority for the proposition that internal communications that happen to occur in the context of settlement discussions with an adversary or refer to those discussions are categorically irrelevant and undiscoverable for that reason.

Accordingly, the Court concludes that Request No. 14 seeks documents that are relevant to a claim or defense to the extent they concern BMW's infringement or the validity of the asserted patents. Broadcom must produce any such responsive documents, unless it contends a privilege or

4

protection applies.

**B.     Privileges and Protections**

Broadcom also argues that any responsive documents are not the proper subject of discovery because they seek "privileged communications related to [its] ligation strategy and settlement strategy." If that is so, Broadcom has an obligation to assert its privilege claims by logging otherwise discoverable documents in a privilege log, consistent with the parties' agreement regarding which custodians' files must be searched and logged. BMW says that it expects that documents responsive to Request No. 14 may be found in Mr. Tan's files and in the files of other non-lawyer custodians. Broadcom does not deny that it has provided no privilege log for responsive documents in the possession of these custodians.

The parties are correct that a waiver of privilege does not follow automatically from a failure to timely and properly assert a privilege claim, and that the Court must consider a party's failure to timely and properly object in the context of a "holistic reasonableness analysis." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (affirming district court's finding of waiver of attorney-client privilege where privilege log was provided five months after Rule 34 response deadline and lacked sufficient support). It is not clear from the record before the Court whether Broadcom did not list any documents responsive to Request No. 14 on a privilege log because it believed (incorrectly) that Request No. 14 sought only irrelevant information, or whether it did not list any documents because none turned up in its search of the files of Mr. Tan and other non-lawyer custodians. In these circumstances, the Court declines to find waiver as to any unlogged, but responsive documents at this time.

However, Broadcom must supplement its privilege log in view of the Court's analysis above. Specifically, with respect to Request No. 14, Broadcom must identify any responsive documents that (i) discuss the substance of any meetings, correspondence, or communication between Mr. Tan and Dr. Grote, and (ii) relate to Broadcom's infringement or the validity of the asserted patents, and as to which Broadcom asserts a claim of privilege or protection. Broadcom must describe any such documents in a manner that will enable BMW and the Court to assess the

5

privilege or protection claimed. *Burlington,* 408 F.3d at 1148 (explaining that a party claiming privilege must "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection."). If Broadcom determines that no responsive documents exist, it shall so state.

## IV. CONCLUSION

For the reasons discussed above, the Court denies BMW's request that the Court find Broadcom has waived privilege as to any particular document or category of documents. The Court orders Broadcom to collect and produce any non-privileged documents responsive to BMW's Request No. 14, consistent with the Court's direction above regarding relevance and consistent with the parties' prior agreement regarding the custodians and repositories to be searched, by **April 28, 2020**. Broadcom shall provide a privilege log to BMW identifying any responsive documents for which it claims a privilege or other protection applies, consistent with the Court's direction above regarding privileges and protections, by **April 28, 2020**.

**IT IS SO ORDERED.**

Dated: April 14, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge