UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF BAYERISCHE MOTOREN WERKE AG AND BMW BANK GMBH,<br><br>Applicants. | Case No. 19-mc-80272-VKD<br><br>**ORDER ON BMW'S MOTION FOR RECONSIDERATION OF ORDER RE DISCOVERY DISPUTE; ORDER GRANTING VOLKSWAGEN AG'S MOTION TO INTERVENE; ORDER RE ASSIGNMENT TO DISTRICT JUDGE**<br><br>Re: Dkt. Nos. 33, 38 |

Applicants Bayerische Motoren Werke AG and BMW Bank GmbH (collectively, "BMW") object to and move for de novo review of the Court's April 2, 2020 order (Dkt. No. 29) resolving disputes concerning BMW's document requests to respondents Broadcom Corporation, Broadcom Inc., and Broadcom Technologies Inc. (collectively, "Broadcom") pursuant to an order authorizing discovery for use in litigation in Germany. In the alternative, BMW moves for leave to seek reconsideration of the April 2, 2020 order. Dkt. No. 33. Broadcom opposes BMW's objections and motion for de novo review and its motion for leave to seek reconsideration. Dkt. No. 41.

Separately, third party Volkswagen AG ("VW") moves to intervene for the limited purpose of objecting to production by Broadcom of an unredacted copy of a license agreement between Broadcom and VW without assurances that such agreement will not be disclosed publicly. Dkt. No. 38. VW seeks a modification of the protective order in this action to address these concerns. Broadcom does not oppose VW's motion. Dkt. No. 52. Although BMW has not filed a separate brief responding to the motion to intervene, BMW states that it does not oppose VW's request for

a supplemental protective order, but nonetheless finds that VW's proposed protective order does not address the realities of German litigation.  Dkt. No. 48 at 3 n.2.

The Court advised the parties that it would first address BMW's alternative request for leave to seek reconsideration, leaving BMW's objections and motion for de novo review for subsequent consideration by a district judge, if necessary.  *See* Dkt. No. 54.  The Court deems BMW's motion for leave and VW's motion to intervene suitable for decision without oral argument.  Civ. L.R. 7-1(b); Dkt. No. 56.

For the reasons explained below, the Court grants BMW's motion for leave to seek reconsideration as to Request No. 1 and denies the motion as to Requests Nos. 2 and 21.  The Court also grants VW's unopposed motion to intervene for a limited purpose.

## I. BACKGROUND

On November 13, 2019, the Court granted BMW's application pursuant to 28 U.S.C. § 1782 for an order authorizing issuance of identical document and deposition subpoenas to four Broadcom entities to obtain evidence for use in patent infringement and invalidity/nullity proceedings in Germany.  Dkt. No. 11.  That order permitted a subsequent motion to quash or to further modify the subpoenas by any of the subpoena recipients or a motion for a protective order to regulate the use of any documents or information that is produced.  *Id.* at 8.  In addition, the Court noted that it "encourages (but will not require) the parties to submit any disputes regarding the discovery sought via these subpoenas using the Court's expedited discovery dispute resolution procedures."  *Id.* at 8 n.4.

On March 12, 2020, the parties filed a joint discovery dispute letter in accordance with the Court's expedited discovery dispute resolution procedures regarding three of BMW's document requests to Broadcom:  Requests Nos. 1, 2, and 21.  Dkt. No. 24.  The Court denied BMW's request for an order compelling production of documents responsive to Request No. 1 as moot and denied BMW's request as to Requests Nos. 2 and 21 as seeking documents that were not relevant to any claim or defense at issue in the German proceedings.  Dkt. No. 29.  BMW asks the Court to reconsider all of those decisions.

As to Request No. 1, which encompasses a license agreement between Broadcom and VW,

VW seeks to intervene for the purpose of obtaining modifications to the protective order (Dkt. No. 20) that will assure that the agreement is not publicly disclosed in unredacted form. Dkt. No. 38 at 3.

## II.  LEGAL STANDARDS

### A.  Motion for Reconsideration

A motion for leave to file a motion for reconsideration is governed by Civil Local Rule 7-9, and requires the party seeking reconsideration to show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the order for which reconsideration is sought; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such order. Civ. L.R. 7-9(b).

### B.  Motion to Intervene

Rule 24(b) of the Federal Rules of Civil Procedure permits intervention in an action when a prospective intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion to permit intervention, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). As relevant here, Rule 24(b) permits "limited intervention for the purpose of challenging a protective order." *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

## III.  DISCUSSION

The Court considers BMW's arguments separately with respect to each document request.

### A.  Request No. 1

In Request No. 1, BMW asked that Broadcom produce license agreements that concern the patents Broadcom asserts against BMW in the German proceedings. At the time the parties submitted their discovery dispute to the Court, Broadcom represented to the Court that it no longer objected to the production of four responsive license agreements, had already produced three of them, and would produce the fourth (a license agreement with VW) once VW's confidentiality

3

objections were resolved.  *See* Dkt. No. 24 at 10, 13.

BMW now argues that the Court failed to consider material facts in concluding that the parties' dispute concerning Request No. 1 "appears to be resolved" because Broadcom had not then, and still has not, produced the Broadcom-VW license agreement.  According to the parties and VW, VW contends that the license contains highly confidential and competitively sensitive terms.  Dkt. No. 33 at 4; Dkt. No. 38 at 3.  VW has permitted BMW to receive a redacted copy of the license and has allowed BMW's outside counsel to view (but not receive a copy of) an unredacted version of the license.  Dkt. No. 38 at 3.  VW says that it is concerned that the existing protective order in this action does not adequately protect its interests in maintaining the confidentiality of the license.  *Id.* at 3-4.  Apparently, the parties and VW have not been able to resolve VW's concerns, and VW seeks to intervene for the purpose of protecting its interests.

The Court finds that VW satisfies the requirements for intervention and has shown good cause to intervene for a limited purpose with respect to BMW's request for production of the Broadcom-VW license agreement.  *See Beckman,* 966 F.2d at 473; *California Parents for Equalization of Educ. Materials v. Torlakson*, No. 17-CV-00635-CRB (JSC), 2018 WL 3930141, at *6 (N.D. Cal. Aug. 16, 2018) (granting non-party's motion to intervene to protect confidentiality interest in documents designated pursuant to protective order).  No party has identified any basis for a finding of undue delay or prejudice, and the Court is aware of none.  The motion to intervene is granted.

As the dispute between BMW, Broadcom, and VW is not fully resolved as to the Broadcom-VW license agreement, the Court will reconsider its April 2, 2020 order on this point. The Court orders the parties and VW to confer regarding production of the license and the terms of the protective order, and to submit a joint discovery dispute letter[1] to the Court describing the dispute and their respective proposals for resolution.[2]  The discovery dispute letter should address whether VW's request for protection requires this Court to order a foreign tribunal to take or not

---

[1] Per the Court's Standing Order for Civil Cases.
[2] As Broadcom has already withdrawn its relevance objection to production of this license agreement, the Court does not expect the parties to argue relevance.

take some action, and if so, whether the Court has authority to make such an order.

### B. Requests Nos. 2 and 21

In Request No. 2, BMW asked that Broadcom produce all communications with third parties regarding licensing and/or settlement discussions concerning the asserted patents. In Request No. 21, BMW asked that Broadcom produce all licenses and license proposals for standard-essential patents ("SEPs") relating to seven standards. The Court concluded that because the pending litigation in Germany did not concern damages or Broadcom's alleged abuse of dominant market position, and because none of the asserted patents in the German proceedings had been declared or argued to be essential to any standard, BMW failed to show that the discovery it sought was relevant to any claim or defense in the German proceedings. Dkt. No. 29 at 3-5.

BMW now argues that the Court's conclusion that damages-related discovery was premature constituted a failure to consider a material fact—namely, that Broadcom's German complaints include a claim for damages. Dkt. No. 33 at 17. BMW also argues that the Court did not consider legal authority for the proposition that § 1782 discovery is permitted for use in proceedings (such as a claim for damages) that have not yet commenced. *Id*. In addition, with respect to Request No. 2, BMW argues that it requires discovery of all licensing and settlement communications with third parties to support its claim for attorneys' fees if it prevails in the German proceedings and that the Court failed to consider this ground for discovery. *Id.* Finally, with respect to Request No. 21, BMW argues that the Court failed to consider Broadcom's settlement presentation to BMW in concluding that discovery of Broadcom's licenses and license proposals concerning patents essential to one or more of these seven standards was not relevant to a claim or defense in the German proceedings. *Id*.

The Court denies BMW's request for leave to seek reconsideration as to Requests Nos. 2 and 21. First, the Court did not fail to consider that Broadcom's complaints against BMW include a request for damages. Rather, the Court identified the issues that are actually being litigated by BMW and Broadcom in the German proceedings. *See* Dkt. No. 29 at 3. It is undisputed that those proceedings will not address any claim for damages. If Broadcom prevails on liability, the

1  German court will conduct entirely separate proceedings to address damages. BMW does not
2  suggest otherwise.
3        Second, while the Court did not discuss whether BMW should be permitted to obtain
4  discovery for proceedings that might be commenced in the future, the authority to which BMW
5  refers is inapposite here. In *Intel Corp. v. Advanced Micro Devices, Inc.,* the Supreme Court held
6  that § 1782 permits discovery in aid of foreign proceedings where adjudicative action is "within
7  reasonable contemplation" even if not pending or imminent. 542 U.S.241, 259 (2004). Here,
8  Broadcom will only be permitted to seek damages from BMW if it prevails on liability and a
9  separate proceeding is commenced in Germany. In other words, there may never be any German
10 proceedings concerning damages. While § 1782 may permit the Court to authorize discovery
11 broad enough to encompass damages-related document requests in these circumstances, it does not
12 compel that result. *See, e.g., Khrapunov v. Prosyankin*, 931 F.3d 922, 925-26 (9th Cir. 2019).
13 Moreover, nothing prevents BMW from seeking damages-related discovery from Broadcom for
14 use in such future German proceedings concerning damages if the time comes.
15       Third, BMW says that German courts award attorneys' fees as a matter of right to the
16 prevailing party and that fees are calculated based on the value of litigation, which in turn is
17 calculated based in part on the value of the asserted patents. BMW now argues that Broadcom's
18 production of all licenses to the asserted patents is not sufficient, and that BMW requires
19 discovery of all of Broadcom's licensing and settlement communications concerning the asserted
20 patents to explain the "disparate values" in the different license agreements. In the joint discovery
21 dispute letter, BMW did not argue that Request No. 2 sought discovery to help BMW establish the
22 "value of litigation" in support of its anticipated claim for an attorneys' fee award. *See* Dkt. No.
23 33 at 17. BMW now says that because it did not have an opportunity to review all four of the
24 license agreements before submission of the joint discovery dispute letter, and did not appreciate
25 that they reflected "disparate values," the "value-of-litigation" justification for Request No. 2 was
26 "unavailable" to it. *Id.* The Court is not persuaded that BMW was prevented from making its
27 "value-of-litigation" argument because it did not appreciate that Broadcom had licensed the
28 asserted patents to others on differing terms. BMW contends that the "value-of-litigation"

6

1  argument (whatever its merits) was available to BMW as a justification for discovery of
2  consummated licenses for the asserted patents, and that this justification applies equally to
3  communications about licensing. *See id.* at 8 ("License agreements involving the asserted patents
4  are relevant to determining this value."); *id.* at 9 ("Licensing [c]ommunications . . . [a]re [r]elevant
5  in the [s]ame [w]ay as [l]icensing [a]greements."). Yet, BMW chose not to make this argument *at*
6  *all* in the joint discovery dispute letter when demanding Broadcom produce documents responsive
7  to Request Nos. 1 and 2. *See* Dkt. No. 24 at 4 ("RFPs 1 and 2 seek information related to
8  Broadcom's licensing of the asserted patents and are relevant at least to damages, abuse of
9  dominant market position, nullity, and noninfringement."). BMW has not shown that the
10 emergence of new material facts after the Court's April 2, 2020 order explains its initial failure to
11 make the "value-of-litigation" argument and that reconsideration of that order is warranted.

12 Finally, BMW is correct that the Court did not invite it to submit *in camera* a document
13 BMW describes as "a presentation Broadcom sent to BMW in the context of licensing
14 negotiations regarding Broadcom's patent portfolio," which purportedly includes patents that
15 Broadcom contends are essential to several standards. *See* Dkt. No. 33 at 4, 13, 17. As Broadcom
16 notes, BMW chose to seek relief using the Court's expedited discovery procedures, and in the
17 context of those procedures, did not seek leave to provide this presentation to the Court. The fact
18 that BMW initially felt that the Court's review of the presentation was optional, but now believes
19 review is essential, is not a basis for reconsideration. Moreover, in resolving the parties' dispute
20 regarding Requests Nos. 2 and 21, the Court observed that "BMW acknowledges that none of the
21 asserted patents [in the German proceedings] has been declared (by Broadcom or any other entity)
22 essential to any standard." Dkt. no. 29 at 3. The fact that *other* patents in Broadcom's portfolio
23 that are *not* at issue in the German proceedings—but only raised separately in licensing or
24 settlement negotiations—are essential to certain standards, does not make the discovery BMW
25 seeks in Request No. 21 relevant to any matter at issue in the German proceedings. For this
26 reason, as well, the Court finds reconsideration is not warranted.

27 **IV.   CONCLUSION**
28 The Court grants BMW's motion for leave to seek reconsideration with respect to the

7

1  Court's April 2, 2020 order regarding Request No. 1, and orders further proceedings with respect
2  that request, as described above.  The Court grants VW's motion to intervene for the limited
3  purpose of objecting to public disclosure of the Broadcom-VW license agreement and seeking
4  modification of the protective order in this action to address VW's confidentiality concerns.

5        The Court denies BMW's motion for leave to seek reconsideration of the Court's April 2,
6  2020 order regarding Requests Nos. 2 and 21.  The Court orders that this matter be reassigned to a
7  district judge for consideration of BMW's objections and motion for de novo review as to that
8  portion of the Court's April 2, 2020 order (Dkt. No. 33).

9        **IT IS SO ORDERED.**

10  Dated: July 9, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge