Arpita Bhattacharyya (SBN 316454)
arpita.bhattacharyya@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:      (650) 849-6666

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
Telephone:     (571) 203-2750
Facsimile:      (571) 203-2777

R. Benjamin Cassady (*pro hac vice*)
ben.cassady@finnegan.com
Joseph M. Myles (*pro hac vice*)
joseph.myles@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, DC 20001-4413
Telephone:     (202) 408-6088
Facsimile:      (202) 408-4400

*Attorneys for Applicants*
*BAYERISCHE MOTOREN WERKE AG*
*and BMW BANK GMBH*

John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Peter E. Nissly, Bar No. 270520
peter.nissly@hopkinscarley.com
**HOPKINS & CARLEY**
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for BROADCOM, INC.,
BROADCOM CORPORATION AND
BROADCOM TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re Ex Parte Application of<br>BAYERISCHE MOTOREN WERKE AG<br>and BMW BANK GMBH<br><br>Applicants, | Case No. 19-mc-80272-WHO<br><br>**JOINT STATEMENT RE: 30(B)(6)**<br>**DEPOSITION** |

1   **BMW'S POSITION:** BMW respectfully requests that the Court order Broadcom to produce a

2   witness for a Rule 30(b)(6) deposition (first noticed in November 2019), which Broadcom refuses.

3   Since July 14 (since the completion of document disputes), BMW has repeatedly asked Broadcom

4   for a deposition or to participate in a joint statement, as required by the Court's standing order, but

5   Broadcom refused until July 30, moments before BMW was to file unilaterally. Broadcom's

6   brinkmanship, which delayed filing of this statement, improper delays, and refusal to cooperate with

7   BMW illustrate Broadcom's pattern of resistance to addressing disputes, without Court intervention.

8        **Argument:** BMW served Broadcom with a notice of Rule 30(b)(6) deposition in November

9   2019. The parties tabled the deposition, until document discovery concluded, i.e., until July 14, 2020

10  (Dkt. 61). Since July 14, BMW has repeatedly requested a deposition witness/date. On July 17,

11  Broadcom stated that it would not cooperate in BMW's noticed deposition, first refusing to provide a

12  witness on BMW's Topic 1 (Broadcom's document collection efforts), even though the topic is

13  entirely proper[1] (indeed, Broadcom included similar topics in its related 1782 application). 2:19-mc-

14  51481-DML-DRG, Dkt. 1-4, Topics 11–12. Then, on July 23, in a telephonic meet and confer,

15  Broadcom conceded BMW's right to a 30(b)(6) deposition. But, on July 29, Broadcom flatly refused

16  to provide any witness on any topic. Broadcom should be ordered do so. Failing to obey a deposition

17  subpoena without adequate excuse, and delaying a fair examination of a deponent, violates the

18  Federal Rules. *See* Fed. R. Civ. P. 45(g); 30(d)(2). Instructions not to answer are improper, but here,

19  Broadcom refuses to even appear, refusing a witness entirely. *See Detoy v. City & County of San*

20  *Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000); *Mendez v. R+L Carriers, Inc.*, 2012 U.S. Dist.

21  LEXIS 60148, *3 (N.D. Cal. Apr. 30, 2012) (the examination of a witness proceeds over objections).

22       In the July 23 meet-and-confer, BMW (again) explained each Rule 30(b)(6) topic, and

---

[1] *See, e.g., Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.,* 2008 U.S. Dist. LEXIS 125612, *14 (N.D. Cal. Apr. 10, 2008). Broadcom hides behind a refusal to perform an adequate search, as demonstrated by a pending dispute over Broadcom's July 23 production of documents in a second 1782 action (regarding different German patents). In good faith, BMW agreed here, in a March 5 email, that Broadcom need not search "repositories of only privileged documents," but Broadcom used BMW's good faith to exclude all relevant databases from its searches, a fact that fully came to light in the second 1782 application. It is not surprising, in connection with this application, that Broadcom's "search" failed to uncover many responsive documents until BMW noticed they were missing. Of note, Broadcom's privilege log here contained only three entries, even though Broadcom has no less than 10 pending litigations against BMW.

STATEMENT RE: 30(B)(6) DEPOSITION
CASE NO. 19-mc-80272-WHO

1    Broadcom conceded BMW's right to elicit testimony on several topics. For other topics, however,

2    Broadcom raised objections and asked to have until July 27 to decide whether it would provide a

3    witness. BMW reluctantly agreed but explained that, if Broadcom did not provide an agreed date and

4    witness by July 27, the parties would need to file a joint statement by July 30. Broadcom consented.

5         However, after July 27 passed with no response, BMW contacted Broadcom on July 28,

6    reiterating the need for a date and witness or, alternatively, a joint statement (if Broadcom did not

7    provide a date and witness). On July 29, Broadcom refused to participate in a joint statement,

8    insisting on filing a "fully noticed motion" to quash by August 7, and refusing to provide a witness.

9    On July 30, Broadcom changed tack and agreed to participate in this filing on its extended timeline.

10        Notwithstanding the procedural delays by Broadcom, Broadcom must present a witness for

11   deposition here. This Court already noted that "it is clear that at least some of the discovery [BMW

12   seeks] is likely to be relevant" (Dkt. 11 at 7), and that RFP 14 seeks information relevant to

13   "infringement or validity of the asserted patents," (Dkt. 32 at 4). and Broadcom even conceded as

14   much, as BMW's Topics clearly seek relevant, non-privileged information, not just so-called

15   "discovery on discovery." *E.g.*, Topic 19 (the ***factual*** bases for Broadcom's claims). Broadcom

16   wrongly claims that BMW seeks discovery on information that Judge DeMarchi ruled not

17   discoverable, but this is inaccurate. BMW seeks discovery on 21 noticed topics, none of which have

18   been ruled on. And, Judge DeMarchi ruled only that damages discovery is premature, (Dkt. 29 at 3),

19   not that BMW could never seek evidence on damages and/or supporting litigation value arguments

20   or verifying whether Broadcom's search was proper (among the other indisputably relevant topics).

21   Broadcom now merely obstructs, newly claiming that, because BMW did not "submit" the

22   documents that Broadcom produced herein in Germany, a deposition is now somehow unnecessary.

23   First, Broadcom's premise is inaccurate because: (1) BMW certainly reviewed/prepared documents

24   produced here in the German proceedings, as recently as during a July 31 hearing (the court in

25   Germany ruled in BMW's favor on litigation value, thanks in part to document produced here); (2)

26   BMW's German attorneys utilized documents produced here to prepare responses to Broadcom's

27   arguments; and (3) Broadcom itself filed assignment history documents (as also produced here).

28   Second, BMW's specific use of documents in Germany is irrelevant to Broadcom's discovery

STATEMENT RE: 30(B)(6) DEPOSITION
CASE NO. 19-MC-80272-WHO

1  obligations here, as BMW sought discovery regarding the bases of Broadcom's claims against it, and

2  which BMW is entitled to. Third, Broadcom entirely misstates German legal procedure: the German

3  courts will accept evidence through appeal, and at different phases of the proceedings, so

4  Broadcom's implication that evidence is "too late" is wrong. Regardless, the parties' oral hearing in

5  327 O 272/19 was postponed until November 12, 2020. Thus, the deposition testimony that BMW

6  seeks is relevant. *See Campbell v. Facebook, Inc.* 310 F.R.D. 439, 449 (N.D. Cal. 2015) ("it is

7  fundamental that parties may simultaneously utilize any or all of the discovery mechanisms . . . .").

8      Broadcom's refusal to provide a witness on *any* topic is not only improper but egregious.

9  Broadcom has not explained any undue burden in appearing for a noticed deposition, especially in

10 proportion to the three German litigations at issue herein. Broadcom spent months delaying and now

11 complains that BMW did not seek a deposition more quickly despite agreeing to defer the deposition

12 until the resolution of Broadcom's document productions. Broadcom cannot use its own delays to

13 refuse discovery and should be ordered to designate a 30(b)(6) witness on all of the noticed Topics.

14 Significantly, further delay is prejudicial to BMW in view of the November 12 hearing in Germany.

15   **BROADCOM'S POSITION:** BMW's Rule 45 deposition subpoena must be quashed. The

16 purported purpose of this deposition is for use in German patent infringement proceedings filed

17 against BMW. This is a pretense—instead, BMW wants "discovery on discovery", and information

18 Judge DeMarchi repeatedly ruled is not discoverable. During meet and confer, BMW refused to

19 identify any non-privileged, percipient witness testimony relevant to German actions it was seeking

20 to adduce. Such a deposition does not comply with the foreign use requirements of 28 U.S.C. § 1782

21 ("1782"), the undue burden requirements of Rule 45, or the relevance and proportionality

22 requirements of Rule 26.

23     **Background:** In Judge DeMarchi's order grating BMW's 1782 application, the Court

24 observed that many of BMW's RFPs and parallel deposition topics "appear likely to encompass

25 privileged material" and that "some of the discovery BMW seeks may be *unduly burdensome or*

26 *otherwise inconsistent with the requirements of Rule 26 . . . .*"  Dkt. No. 11 at 7 (emphasis added).

27 Because BMW targeted Broadcom's privileged materials, the parties engaged in extensive meet and

28 confer over the proper scope of Broadcom's required search. Finally, on March 5, 2020, BMW

STATEMENT RE: 30(B)(6) DEPOSITION
CASE NO. 19-mc-80272-WHO

1   agreed that Broadcom need not search its "privileged repositories/custodians."[2] To date, Broadcom

2   has produced over 40,000 pages of materials.

3          Despite Broadcom's production, BMW engaged in extensive motion practice. First, BMW

4   sought damages information. However, in German proceedings damages are not at issue and Judge

5   DeMarchi denied BMW's motion. Dkt. No. 29 at 3. BMW rejected Judge DeMarchi's ruling and

6   filed a Motion for De Novo Review, or alternatively, Reconsideration. Dkt No. 33. Judge DeMarchi

7   reconsidered BMW's motion and *again* found damages evidence not relevant. Dkt. No. 58 at 5-7.

8   Thereafter, BMW abruptly withdrew its Motion for De Novo Determination.

9          Second, BMW sought Broadcom privileged information alleging waiver. BMW argued that

10   Broadcom's single entry privilege log demonstrated that it did not conduct an adequate search. Dkt.

11   No. 28 at 1. As Broadcom told BMW, the privilege log length is not surprising since the parties'

12   agreed Broadcom need not search privileged repositories/custodians. The Court found BMW's

13   arguments unpersuasive and adopted the parties' agreement in multiple rulings. Dkt. No. 32 at 1, 6;

14   Dkt. No. 57 at fn. 2.

15          Notably, during BMW's extensive motion practice, it did not seek Broadcom's deposition—

16   instead, it waited months to raise the topic. Yet since BMW's application was granted, two German

17   infringement hearings occurred—neither in which did BMW submit any of Broadcom's production.[3]

18          **Use in Germany:** The history of this case demonstrates that BMW does not seek

19   Broadcom's testimony for the German cases. If BMW wanted to use this deposition in Germany,

20   given how long this 1782 action has been pending, it would have taken it *before* any infringement

21   hearings took place. Moreover, BMW has not meaningfully used any of Broadcom's production in

22   Germany. Because the deposition topics largely track the document requests, it raises the question—

23   if BMW hasn't used the production, why does it need testimony? The answer is simple—it doesn't

24   and the considered irrelevance of the deposition makes its expense and effort noncompliant with the

25

26          [2] BMW continues to misrepresent the parties' agreement regarding the scope of search.
     Broadcom refers the Court to Judge DeMarchi's finding that the parties' agreement excluded
27   "privileged repositories/custodians".  Dkt 32, at 1.
          [3] The only BMW use of Broadcom's production that Broadcom is aware of is BMW's
28   reference to certain license agreements in connection with one of the hearings. However, BMW did
     not submit the agreements, and they were not materially discussed.

STATEMENT RE: 30(B)(6) DEPOSITION
CASE NO. 19-mc-80272-WHO

relevance/proportionality requirements of Rule 26, and the undue burden requirements of Rule 45.

Here, BMW leaves no mystery as to what it really wants from the deposition. During the parties' meet and confer[4] (as well as this joint submission), BMW confirmed that it wants a do-over on its agreement that Broadcom need not search its privileged repositories/custodians and Judge DeMarchi's ruling regarding damages. Neither topic is permissible.

First, BMW is not entitled to seek information regarding Broadcom's search for responsive documents (BMW's topic 1) since the details of a litigant's preservation, collection, and processing methods fall outside the scope of permissible discovery under Rule 26. 19 SEDONA Conf. J. 1, 118-30 (2018). Moreover, BMW already argued that Broadcom's search was inadequate in front of Judge DeMarchi when it claimed Broadcom waived privilege. Dkt. No. 28 at 1. Judge DeMarchi did not entertain this argument and said nothing about BMW conducting discovery on Broadcom's search. *See generally*, Dkt Nos. 32 and 57. And because this topic is not relevant to the German proceedings, it does not comply with 1782, Rule 26 or Rule 45.[5]

Second, Broadcom confirmed during the meet and confer that it also intends to ask damages' questions (see BMW's topics 2 and 9). However, as Judge DeMarchi correctly ruled, damages are not at issue. Dkt. Nos. 29 and 58. By definition BMW does not seek this information for use in Germany and instead, seeks it for ancillary matters (e.g., to gain insight into Broadcom's discussions with BMW's competitors VW and Daimler). Again, such a deposition does not comply with 1782, Rule 26 or Rule 45.

**Conclusion:** BMW's subpoena should be quashed. At the very least, BMW should be required to proffer what evidence it seeks by the proposed deposition and explain its relevance. Alternatively, Broadcom requests the Court grant Broadcom leave to file a noticed motion to quash within 10 days of its order.[6]

---

[4] BMW's characterization of the meet and confer is inaccurate. Broadcom consistently told BMW that this dispute should be decided by noticed motion, but that it was also agreeable to an expedited discovery process with a reasonable submission deadline.

[5] BMW's reference to Broadcom's Harman subpoena is inapposite. Broadcom never deposed Harman.

[6] Broadcom asserts that no BMW deposition topic warrants testimony. However, due to the constraints of this submission, Broadcom has not fully briefed the matter.

1

## MEET AND CONFER CERTIFICATION

2      On July 23, 2020, the lead counsel for the parties conferred via teleconference.

3

4      Respectfully submitted,

5   Dated: August 7, 2020                      FINNEGAN, HENDERSON, FARABOW,
                                                 GARRETT & DUNNER, LLP
6

7                                              By:___/s/ Lionel M. Lavenue_____
                                                 Lionel M. Lavenue
8                                                *Attorney for Applicants BAYERISCHE MOTOREN
                                                 WERKE AG and BMW BANK GMBH*
9

10  Dated: August 7, 2020                      HOPKINS & CARLEY

11

12                                             By:___/s/ John V. Picone III_____
                                                 John V. Picone III
13                                               *Attorney for BROADCOM, INC., BROADCOM
                                                 CORPORATION AND BROADCOM
14                                               TECHNOLOGIES, INC.*

15      I, Lionel M. Lavenue, attest pursuant to Northern District Local Rule 5-1(i)(3) that all

16  signatories to this joint statement have authorized this filing.

17  Dated: August 7, 2020                      By:___/s/ Lionel M. Lavenue_____
                                                 Lionel M. Lavenue
18                                               *Attorney for Applicants BAYERISCHE MOTOREN
                                                 WERKE AG and BMW BANK GMBH*
19

20

21

22

23

24

25

26

27

28